**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Walter Deland TRIPLETT,
Defendant-Appellant.**

**No. 86–3910.**

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 3, 1987.
Decided Sept. 21, 1987.

Paul L. Geller (Court-appointed), Toledo, Ohio, for defendant-appellant.

James D. Jensen, Asst. U.S. Atty., Toledo, Ohio, Catherine H. Killam, argued, for plaintiff-appellee.

Before MERRITT, Circuit Judge, and EDWARDS and CONTIE, Senior Circuit Judges.

CONTIE, Senior Circuit Judge.

Defendant Walter Deland Triplett appeals from the order of the district court overruling his motion to withdraw his nolo contendere plea. Defendant argues that the district court abused its discretion by refusing to grant his motion to withdraw and by failing to hold an evidentiary hearing on the motion. For the following reasons, we affirm the decision of the district court.

**I.**

On May 30, 1985, defendant Triplett was indicted by information for unarmed bank robbery pursuant to 18 U.S.C. § 2113(a). Shortly thereafter, defense counsel Slaybod

filed a motion to suppress a photographic array of Triplett. The district court conducted a hearing upon this motion on September 6, 1985, and subsequently held the photographic array to be constitutional. However, none of the government witnesses could positively identify Triplett as the perpetrator of the robbery at this hearing.

On the day of trial, February 4, 1986, Triplett, Slaybod, the prosecutor and an FBI agent met and discussed the case. Triplett learned for the first time that at least one or two of the witnesses who had not been able to identify him at the motion to suppress hearing were now able to identify him and would testify to that effect at trial. As a result, Triplett entered into a plea bargaining agreement whereby he agreed to plead nolo contendere to the unarmed bank robbery charge in exchange for a sentence with a recommended maximum penalty of ten years and an 18 U.S.C. § 4205(b)(2) provision,[1] rather than the maximum twenty-year term provided for in 18 U.S.C. § 2113(a). Before accepting the plea, the district court conducted a Rule 11 hearing, Fed.R.Crim.P. 11. Defendant admits that the Rule 11 hearing was not only thorough, but that it even evidenced painstaking efforts on the part of the district court to ensure the voluntariness of his plea. That same day, the district court found defendant Triplett guilty of unarmed bank robbery.

Triplett filed a presentence motion to withdraw his plea and a motion for recusal of the district judge on April 29, 1986. In addition, defense attorney Slaybod filed a motion to withdraw as counsel. The motions for recusal and to withdraw as counsel were granted, and the case was thereafter transferred to a different district judge. Triplett's new defense counsel, Geller, promptly filed a supplementary motion to withdraw the plea.

In an order dated September 15, 1986, the district court denied defendant's motion to withdraw his plea, reasoning that a withdrawn plea in this situation would not be "fair and just." The court noted that the transcript of the entry of the plea, as well as the documents concerning the plea negotiation process, established that Triplett entered his plea knowingly and voluntarily. The district court found that Triplett was disappointed with his possible sentence rather than confused or surprised on the day he entered his plea, that he had filed his motion to withdraw in an untimely fashion (eighty-four days after the plea was entered), and that the government would suffer prejudice by a delay. Triplett did not request an evidentiary hearing on his motion, and none was held.

On September 22, 1986, Triplett was sentenced to a prison term of five years with a chance of parole in accordance with section 4205(b)(2), and was ordered to pay restitution in the amount of $840 and a special assessment in the amount of $50. This timely appeal from the denial of defendant's motion to withdraw his plea followed.

## II.

■ Triplett claims that the district court abused its discretion when it denied the motion to withdraw his plea pursuant to Fed.R.Crim.P. 32(d). Triplett claims that Rule 32(d) is to be liberally construed and that presentence motions to withdraw should be freely granted. He alleges that he was confused on the day he entered his plea as a result of learning at the last minute that witnesses would now identify him, that he misunderstood the sentencing agreement and that he had a meritorious defense. Accordingly, he asserts that the district court should have granted his motion, or at least conducted an evidentiary hearing on his motion.

Prior to the 1983 amendment to Rule 32(d), courts granted presentence motions to withdraw pleas only when it was "fair and just" to do so. *United States v. Barker*, 514 F.2d 208, 218–20 (D.C.Cir.) (relying on dicta in *Kercheval v. United States*, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927)), *cert. denied*, 421 U.S. 1013, 95 S.Ct.

---

**1.** Section 4205(b)(2) provides that the defendant may be "released on parole at such time as the Commission may determine."

2420, 44 L.Ed.2d 682 (1975); *United States v. Jerry,* 487 F.2d 600, 611 (3d Cir.1973); *cf. United States v. Kirkland,* 578 F.2d 170, 172 (6th Cir.1978) (per curiam) (the right to withdraw a plea prior to sentencing is not absolute, but is a matter left to the broad discretion of the district court). The 1983 amendment to Rule 32(d) expressly adopted this "fair and just" standard, and provides:

> If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, imposition of sentence is suspended, or disposition is had under 18 U.S.C. § 4205(c), *the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason.* At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.

(Emphasis added). Accordingly, we can rely on prior case law for guidance in determining what constitutes a "fair and just" reason for withdrawing a plea.

As an initial matter, we note that it is well settled that the movant has the burden of establishing that his presentence motion to withdraw his plea should be granted. *United States v. Michaelson,* 552 F.2d 472, 475 (2d Cir.1977); *United States v. Lombardozzi,* 436 F.2d 878, 881 (2d Cir.), *cert. denied,* 402 U.S. 908, 91 S.Ct. 1379, 28 L.Ed.2d 648 (1971). Additionally, the district court is afforded a broad range of discretion in determining whether to grant such a motion. *Kirkland,* 578 F.2d at 172. Therefore, we review the district court's denial of defendant's motion under an abuse of discretion standard.

In determining whether there is a fair and just reason to grant a motion to withdraw a plea, the district court must review all the circumstances surrounding the original entrance of the plea as well as the motion to withdraw. *Jerry,* 487 F.2d at 611. The court should consider whether the movant asserted a defense or whether he has consistently maintained his innocence, *Barker,* 514 F.2d at 220; *United States v. Joslin,* 434 F.2d 526, 530 (D.C.Cir. 1970), as well as the reasons that a stated defense was not raised at an earlier time.

*Barker,* 514 F.2d at 221; *cf. United States v. Needles,* 472 F.2d 652, 654 (2d Cir.1973) (motion to withdraw guilty plea filed on the basis that a presentence report was allegedly inaccurate; court reasoned that inaccurate report had no bearing on validity of the plea). It is also appropriate to consider the length of time between the entrance of the plea and the motion to withdraw. The shorter the delay, the more likely a motion to withdraw will be granted, and a defendant's reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time. *See Barker,* 514 F.2d at 222 (distinguishing a "swift change of heart" from a lengthy delay).

We find that the reasons offered by Triplett in support of his motion to withdraw his plea are unpersuasive. First, there is no support for defendant's claim that he was confused when he entered his nolo contendere plea or that he misunderstood the agreement itself. Not only did Triplett's attorney discuss the plea bargaining agreement with him, but the district court also ensured itself that Triplett thoroughly understood his rights and the nature of the plea bargaining agreement. In fact, based on the transcript of the entering of the plea, it is evident that the district court, pursuant to Rule 11, took every effort to guarantee that Triplett adequately considered his options and that he entered into the plea bargaining agreement voluntarily and knowingly. Accordingly, defendant cannot now claim that he was given insufficient time to consider the plea bargaining agreement. *See United States v. Thompson,* 680 F.2d 1145, 1153 (7th Cir.) (if a defendant had sufficient time to consider the plea bargaining agreement, he cannot later claim that he was rushed into it), *cert. denied,* 459 U.S. 1089, 103 S.Ct. 573, 74 L.Ed.2d 934 (1982) and 459 U.S. 1108, 103 S.Ct. 735, 74 L.Ed.2d 958 (1983).

Second, we disagree with defendant's assertion that his allegedly meritorious defense—insufficient eyewitness testimony—constitutes a fair and just reason for granting his motion to withdraw. This defense was available to him the day he entered his plea and Triplett does not set forth an

adequate reason for failing to assert this defense at an earlier time. Furthermore, given the length of time which passed between the entrance of his plea and his motion to withdraw—eighty-four days—it cannot be said that defendant had a "swift change of heart." *See Barker,* 514 F.2d at 222. For these reasons, we find that defendant failed to come forward with a fair and just reason for granting his motion to withdraw.

■ It remains for us to determine whether the government must show prejudice before a presentence motion to withdraw a plea can be denied by the district court. The Fourth Circuit has taken the position that a district court must always consider the prejudice borne by the government before denying such a motion. *United States v. Savage,* 561 F.2d 554, 556–57 (4th Cir.1977). Without a showing of prejudice on the part of the government, therefore, any reason asserted by a defendant for withdrawing a plea prior to sentencing would presumably constitute a fair and just reason within the meaning of Rule 32(d). *Cf. United States v. Strauss,* 563 F.2d 127, 133 (4th Cir.1977) (although the defendant did not present any satisfactory reason for withdrawing his plea, the court nonetheless inquired into whether the government would suffer any prejudice by allowing a withdrawal). If there is no showing of prejudice, the district court is to grant the defendant's motion to withdraw; if there is a showing of prejudice, the district court must then balance "the accused's reasons for changing his plea against the prejudice the government will suffer." *Strauss,* 563 F.2d at 131.

In contrast, the Second Circuit has determined that if a defendant does not show sufficient grounds for withdrawal, the government need not establish that it would be prejudiced by permitting a withdrawal of the plea. *United States v. Saft,* 558 F.2d 1073, 1083 (2d Cir.1977). It is acknowledged, however, that a district court, in exercising its discretion, properly may consider such prejudice. *Id.*

We believe that the *Saft* approach of requiring the defendant to show sufficient grounds for withdrawal before considering prejudice to the government is more in line with the language of Rule 32(d), which provides that "the court may permit withdrawal of the plea *upon a showing by the defendant of any fair and just reason.*" (Emphasis added). This language places a burden on the defendant to come forward with a fair and just reason to support his motion to withdraw; requiring the government to show prejudice in cases where a defendant has failed in this task would negate a defendant's burden. Furthermore, the *Saft* approach is more appropriate in light of the revisions to Rule 11. These revisions require district courts to provide greater procedural safeguards in the entering of guilty and nolo contendere pleas so as to guarantee that a defendant's plea is entered knowingly and voluntarily. When Rule 11 is complied with, as it admittedly was in the instant case, pleas should not be considered tentative or contingent acts subject to presentence withdrawal whenever the government is unable to show prejudice. It must be remembered that "a guilty plea is a grave and solemn act to be accepted only with care and discernment...." *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970). Were defendants allowed to withdraw pleas without showing a fair and just reason to do so, pleas would "become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim." *Barker,* 514 F.2d at 221. Therefore, since we found that defendant has failed to come forward with a sufficient reason for granting his motion, it is unnecessary for us to review the district court's finding that the government would have been prejudiced had this motion been granted.

■ Triplett finally argues that the district court erred by not holding an evidentiary hearing on his motion. While a defendant may be entitled to an evidentiary hearing on a presentence motion to withdraw if there are factual matters at issue which bear directly on the controversy, *see United States v. Joslin,* 434 F.2d 526, 531 (D.C.Cir.1970), there has been no such

showing here. The transcript of the entering of the plea and the documents regarding the plea negotiations establish that defendant knowingly and voluntarily entered his plea. Moreover, the reasons proffered by defendant in support of his motion to withdraw fail to raise factual issues which have any bearing on whether his motion should have been granted. Rather, we agree with the district court's determination that defendant failed to establish a fair and just reason to withdraw his plea despite his allegations. We note additionally that Triplett did not request an evidentiary hearing. Given these factors, we detect no abuse of discretion on the part of the district court for failing to hold a hearing on defendant's motion.

Accordingly, the judgment of the district court is AFFIRMED.