917 F.2d 564
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dwight CAMERON, Defendant-Appellant.
 No. 90-1180.
 United States Court of Appeals, Sixth Circuit.
 Oct. 30, 1990.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges; and SPIEGEL, District Judge*
 PER CURIAM.
 
 
 1
 Defendant-appellant Dwight Cameron has appealed from his conviction pursuant to a guilty plea in the United States District Court for the Eastern District of Michigan for conspiracy to possess with intent to distribute and to distribute heroin in violation of 21 U.S.C. Secs. 841(a)(1) and 846. Appellant argues that the district court erred in denying appellant's motion to withdraw his guilty plea.
 
 
 2
 On December 27, 1988, during a routine inspection, United States Customs Officers at J.F.K. International Airport discovered a package containing approximately 1,930 grams of heroin. It had been mailed from Thailand and was addressed to Mr. and Mrs. Raymond Smith, 30210 Glenwood, Inkster, Michigan, 48141, U.S.A. After the parcel was opened, a signalling device was installed so that the package could be tracked and identified. The package was delivered by the post office to and accepted by Robert Lee Wilson, who lived at the address on the package.
 
 
 3
 Subsequent to his arrest, Wilson implicated the appellant Cameron and agreed to cooperate in furthering the government's investigation. He testified before a federal grand jury about a conspiracy to deliver and distribute the heroin.
 
 
 4
 On August 9, 1989, the appellant was indicted by a federal grand jury on one count of conspiracy to possess with intent to distribute and to distribute heroin. It was charged in the indictment that the appellant, Cameron, was a party to the conspiracy who traveled to New York City with Albert Charles Lewis on several occasions for the purpose of transporting heroin to the Detroit area, and that his home at 19161 Derby, Detroit, was used to cut, package, and distribute heroin.
 
 
 5
 The appellant entered into a Rule 11 plea agreement, which he signed. At a hearing, the district court determined that the appellant was competent to go forward with the hearing and that he understood that by entering a plea of guilty he was waiving a number of his constitutional rights. He agreed with the prosecution's explanation of the plea agreement. The court requested the appellant to state in his own words the reasons for his guilty plea. He replied:
 
 
 6
 Well, in Spring of '88, I traveled to New York with Mr. Lewis and picked up some Heroin [sic]. And he come back to my house and we cut and packaged it up and I helped distribute it.
 
 
 7
 The appellant then described in detail what he had done. Thereupon the court accepted his plea on October 19, 1989.
 
 
 8
 The court deferred acceptance of the Rule 11 plea agreement until the sentencing hearing. On two occasions the sentencing hearing was postponed on the appellant's motion. At no time during the delay did the appellant file a motion to withdraw his guilty plea. At the sentencing hearing on January 22, 1990, the court accepted the Rule 11 plea agreement. The appellant's counsel then moved the court to permit the appellant to withdraw his guilty plea pursuant to Fed.R.Crim.P. 32(d), alleging that the appellant had continually maintained his innocence, but that he had just informed counsel that he wished to withdraw his guilty plea. The government responded by advising the court that all of the appellant's codefendants had also filed motions to withdraw their pleas, because of the death of a key government witness. The government argued that the appellant had delayed too long and that withdrawal of the plea at this time was prejudicial to the prosecution. The district court denied the motion and imposed sentence, entering judgment on January 22, 1990. The appeal was timely filed.
 
 
 9
 On appeal, the appellant argued that the district court erred when it denied the appellant's motion to withdraw his guilty plea. A denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion, United States v. Triplett, 828 F.2d 1195, 1197 (6th Cir.1987), which is broad. United States v. Goldberg, 862 F.2d 101, 103 (6th Cir.1988). The defendant has the burden of proving that the motion should be granted. Triplett, 828 F.2d at 1197.
 
 
 10
 Upon review of the appellant's assignment of error, the record in its entirety, the briefs of the parties, and the arguments of counsel, this court concludes that the appellant failed to carry his burden of proving a fair and just reason for withdrawing his guilty plea. Accordingly, the judgment of the district court is AFFIRMED for the reasons stated by the district court from the bench at the hearing on January 22, 1990.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Sourthern District of Ohio, sitting by designation