919 F.2d 142
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John W. WHEELER, Defendant-Appellant.
 Nos. 89-6360 to 89-6363, 90-5362 and 90-5363.
 United States Court of Appeals, Sixth Circuit.
 Nov. 26, 1990.
 
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant John W. Wheeler ("Wheeler") appeals from the district court's judgment and commitment order sentencing him to 25 years imprisonment and eight years of supervised release. On May 15, 1989, Wheeler pled guilty to distributing cocaine and marijuana, in violation of 21 U.S.C. Sec. 841(a)(1), and possession of goods which had been stolen from an interstate shipment, in violation of 18 U.S.C. Sec. 659. For the reasons set forth below, we AFFIRM.
 
 I.
 
 2
 On October 25, 1988, Wheeler was charged in two separate indictments. The first indictment charged Wheeler and three co-defendants with various narcotics offenses. The second indictment charged Wheeler with possession of goods stolen from an interstate shipment. Wheeler pled guilty: to distributing one kilogram of cocaine; to possession with the intent to distribute ten pounds of marijuana; and to possession of goods stolen from an interstate shipment.
 
 
 3
 At the change of plea hearing, the district court advised Wheeler that his prior convictions might qualify him for sentencing as a career offender under the United States Sentencing Guidelines ("Guidelines"). See U.S.S.G. Sec. 4B1.1. Wheeler, therefore, could receive a maximum sentence of life imprisonment for distributing one kilogram of cocaine.
 
 
 4
 After reviewing Wheeler's criminal history, the probation officer concluded that Wheeler should be sentenced under the career offender category of the Guidelines. Wheeler's presentence report indicated that he pled guilty to a state drug offense in 1981 and a federal drug offense in 1984. These prior convictions, when taken in conjunction with his guilty pleas to narcotics offenses in this case, place Wheeler in the Guidelines' career offender category.[1]
 
 
 5
 At hearings held on July 21, 1989 and August 24, 1989, Wheeler contested the probation officer's presentence report findings. The district court concluded that Wheeler was indeed a career offender;[2] however, Wheeler was permitted to present additional arguments in favor of a downward departure from the Guidelines.
 
 
 6
 At the August 24, 1989 sentencing hearing, Wheeler moved to withdraw his guilty plea. The district court subsequently denied this motion. On October 13, 1989, the district court sentenced Wheeler to 25 years imprisonment, a downward departure of five years from the Guideline range. The district court based its departure on Wheeler's past military record.
 
 
 7
 On October 26, 1989, Wheeler filed a timely notice of appeal.
 
 II.
 A.
 
 8
 On appeal, Wheeler claims that the district court erred in affirming the magistrate's order to temporarily detain Wheeler pursuant to the Bail Reform Act, 18 U.S.C. Sec. 3142. A detention hearing was held before a United States Magistrate pursuant to 18 U.S.C. Sec. 3142(f). After considering Wheeler's two prior drug felony convictions and the fact that he was on probation at the time of his arrest in the instant case, the magistrate determined that no conditions of pretrial release could reasonably assure the safety of the community and ordered Wheeler detained pending trial. Wheeler appealed the magistrate's ruling to the district court. On February 14, 1989, the district court, upon review, concluded that the magistrate's detention order was proper. Although he was entitled to expedited appellate review,[3] 18 U.S.C. Sec. 3145(c), Wheeler took no further action immediately after the district court's ruling. Wheeler's conviction in the instant case renders his claim to pretrial bail moot. See Murphy v. Hunt, 455 U.S. 478, 481 (1982) (claim to pretrial bail became moot once defendant was convicted).
 
 B.
 
 9
 Wheeler next contends that the district court erred in denying his motion to withdraw his guilty plea. The government counters that the district court did not abuse its discretion in finding that Wheeler failed to raise any legitimate basis to support his motion. Our review of the record supports the government's contention. We, therefore, conclude that the district court exercised sound discretion in denying Wheeler's motion to withdraw.
 
 
 10
 Federal Rule of Criminal Procedure 32(d) provides, in pertinent part:
 
 
 11
 If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the Court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason.
 
 
 12
 The movant has the burden of establishing that his motion to withdraw his plea should be granted. See United States v. Triplett, 828 F.2d 1195, 1197 (6th Cir.1987). We afford the district court wide discretion in determining whether to grant such motion. United States v. Stephens, 906 F.2d 251, 252 (6th Cir.1990). We will reverse the district court's decision only for an abuse of that discretion. Id. In determining whether there is a fair and just reason to grant a motion to withdraw a plea, the district court should consider the circumstances surrounding the entrance of the plea and the subsequent motion to withdraw. Triplett, 828 F.2d at 1197.
 
 
 13
 After a lengthy hearing on Wheeler's Guidelines computations, he moved to withdraw his guilty plea. Wheeler claimed that when he entered the guilty plea, he did not understand the impact his prior convictions would have on his sentence under the Guidelines. He also claimed that he erroneously believed the government's agreement to dismiss certain counts would result in a reduction of his sentence.[4] In sum, he did not foresee the possibility of receiving a minimum sentence of 30 years. Therefore, he did not make a knowing and intelligent waiver. The district court determined that Wheeler failed to establish a fair and just reason for withdrawal. The district court noted the care with which Wheeler was informed of the consequences of entering a guilty plea in compliance with Fed.R.Crim.P. 11.[5] Joint Appendix at 184-98 (Transcript of Change of Plea Hearing informing Wheeler of the potential consequences of pleading guilty to the offenses).
 
 
 14
 We find Wheeler's argument that the district court abused its discretion in denying his motion to withdraw his sentence meritless. Wheeler's contention that he did not anticipate being sentenced as a career offender is directly contradicted by the transcript of the change of plea hearing. Wheeler was informed by the government that he would likely qualify as a career offender. As such, he could receive a maximum sentence of life imprisonment and a minimum sentence of thirty years. At the change of plea hearing, the district court was careful to meet the Rule 11 requirements in this case. See Fed.R.Crim.P. 11; Triplett, 828 F.2d at 1197. Based on these facts, we hold that Wheeler's motion to withdraw his guilty plea was properly denied.
 
 C.
 
 15
 Wheeler next argues that the district court erred in sentencing him as a career offender. The government counters that Wheeler's prior drug-related convictions and his guilty plea to two counts of possession of a controlled substance with the intent to distribute satisfy the Guidelines' requirements for sentencing as a career offender. We find Wheeler's argument regarding the propriety of his sentence meritless.
 
 
 16
 The offenses in which Wheeler entered pleas of guilty in the instant case were committed after November 1, 1987; therefore, he was sentenced pursuant to the Guidelines. The district court's decision to sentence Wheeler as a career offender was premised on Wheeler's prior convictions. Wheeler was at least 18 years old at the time of the instant offenses; on February 26, 1981, Wheeler entered a guilty plea to violating a controlled substance statute before the Criminal Court in Shelby County, Tennessee; and on November 15, 1984, he was found guilty of violating a controlled substance statute in the United States District Court for the Western District of Tennessee. Based on these facts, the district court properly found that Wheeler met the requirements for career offender status. See U.S.S.G. Sec. 4B1.1. The Guidelines prescribe a minimum sentence of 30 years. The district court exercised its discretion and departed downward from the Guidelines, sentencing Wheeler to 25 years.
 
 
 17
 Wheeler argues that the district court erred in failing to make a greater downward departure.[6] The Sentencing Reform Act of 1984, as amended, 18 U.S.C. Sec. 3551 et seq. provides the district court with discretion to depart from the Guidelines in the presence of aggravating or mitigating factors. The district court is required to state the specific reasons for the departure from the Guidelines. See 18 U.S.C. Sec. 3553(c). Our review of the district court's departure is limited. 18 U.S.C. Sec. 3742(a), (b). We are required to "give due regard to the opportunity of the district court to judge the credibility of the witnesses, and ... accept the findings of fact of the district court unless they are clearly erroneous." 18 U.S.C. Sec. 3742(d). See also United States v. Perez, 871 F.2d 45, 47 (6th Cir.1989). After a careful review of the record, we conclude that the district court's downward departure from the Guidelines for Wheeler's military history was not clearly erroneous.
 
 
 18
 Wheeler also claims that the district court erred in using his prior state conviction as a predicate offense to determine that he was a career offender. Because he received a suspended sentence for the state offense, Wheeler argues that it fails to meet the requirements of the career offender category. Wheeler's position is contrary to the Guidelines' commentary which provides:
 
 
 19
 "Prior felony convictions" means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed.
 
 
 20
 U.S.S.G. Sec. 4B1.2 (Commentary 3) (emphasis added).
 
 
 21
 The state conviction provided for a term of imprisonment for more than one year. That the sentence was suspended does not prevent the consideration of the conviction under Sec. 4B1.1. Therefore, Wheeler's argument must fail.[7]
 
 III.
 
 22
 For the foregoing reasons, we AFFIRM the judgment of the Honorable Jerome Turner, United States District Judge for the Western District of Tennessee.
 
 
 
 1 U.S.S.G. Sec. 4B1.1 provides in pertinent part:
 Career Offender.
 
 
 A
 defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense
 
 
 [2]
 Applying the Guidelines, the district court determined that Wheeler had a total offense level of 37 and a criminal history category of VI. The Guidelines prescribed 360 months to life imprisonment and an eight-year term of supervised release. Joint Appendix at 165 (Judgment Including Sentence Under the Sentencing Reform Act)
 
 
 [3]
 United States v. Salerno, 481 U.S. 739, 743 (1987) ("Should a judicial officer order detention, the detainee is entitled to expedited appellate review of the detention order.")
 
 
 [4]
 Because Wheeler was sentenced as a career criminal, the government's agreement to dismiss counts one and six of the indictment in case number 88-20278-03TU and counts one, three and five of the indictment in case number 88-20279-05TU had no bearing on Wheeler's sentence
 
 
 [5]
 At the sentencing hearing, the following colloquy occurred:
 THE COURT: We have gone over fairly carefully now all of the potential penalties that are involved with these pleas of guilty that you propose to offer to the Court today. Do you understand these possible consequences of your plea of guilty?
 MR. WHEELER: Yes, I do, Judge.
 THE COURT: Mr. Wheeler, under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. Have you and Mr. Higgs talked about these sentencing guidelines and how they might apply to your case?
 MR. WHEELER: Yes, we have.
 MR. LAURENZI: Your Honor, if I might further add that the sentencing guidelines have a section for career criminal. Mr. Wheeler's record may very well fall under that section ... which requires a substantial jail time, and I just want to notify the Court of that fact so that there will be no misunderstanding.
 THE COURT: Are you aware of that possibility, Mr. Wheeler, that the guidelines do have provisions in them for higher sentences for career criminals?
 MR. WHEELER: Yes, I am.
 THE COURT: Do you understand what the government has just said, that there is a possibility that in their view that you might fit into that category?
 MR. WHEELER: Yes, I do, Judge.
 Joint Appendix at 189-90 (Transcript of Change of Plea Hearing).
 
 
 [6]
 Wheeler filed two pro se motions for downward departure from the Guidelines on September 6, 1989 and October 18, 1989 respectively
 
 
 [7]
 Wheeler also assigns error to the district court's dismissal the following motions filed on December 8, 1988: (1) motion to dismiss the indictment; (2) motion for a Bill of Particulars; (3) motion for discovery and to compel disclosure of exculpatory evidence; (4) motion for discovery of evidence of a scheme or plan. After careful review of the record, we find no error warranting reversal of the district court's denial of these motions