95 F.3d 1153
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shelly Dollinda BLACYKI, Defendant-Appellant.
 No. 95-2332.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1996.
 
 Before: CONTIE, BATCHELDER, and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 The district court denied Shelly Blacyki's motion to set aside her guilty plea. We affirm.
 
 I.
 
 2
 On January 30, 1995, a grand jury indicted defendant-appellant Shelly Blacyki ("Blacyki"), her sister (Lori Ann Nelson), and her brother-in-law (Ronald Kenneth Nelson) for conspiring to manufacture Methcathinone in violation of 21 U.S.C. §§ 841(a)(1) and 846, and for possessing a listed chemical, Ephedrine,[1] having reasonable cause to believe that it would be used to manufacture Methcathinone in violation of 21 U.S.C. § 841(d)(2).
 
 
 3
 After pleading not guilty at her arraignment on February 9, 1995, Blacyki was released on bond pending trial. On March 15, 1995, the grand jury returned a Superseding Indictment against the three defendants. Blacyki, once again, entered a not guilty plea.
 
 
 4
 Ronald and Lori Nelson subsequently pled guilty to Count One of the Superseding Indictment (conspiracy to manufacture Methcathinone) pursuant to Rule 11 Plea Agreements. Blacyki thereafter pled guilty to Count Five of the Superseding Indictment (possession of Ephedrine on August 3, 1992, having reasonable cause to believe that it would be used to manufacture Methcathinone) pursuant to a Rule 11 Plea Agreement with the United States that provided (in relevant part):
 
 
 5
 The parties agree and stipulate that from July 1992 to February 1993 Defendant Blacyki acquired, used, or allowed others to use at least 144,000 twenty-five mg. Ephedrine pills, and that it was reasonably foreseeable to Defendant Blacyki that some of this Ephedrine was procured and used for the purpose of manufacturing Methcathinone and that she knew or had reasonable cause to believe that some of the listed chemical would be used to manufacture Methcathinone.
 
 
 6
 Plea Agreement at 5.
 
 
 7
 On or about June 13, 1995, the district court received a letter from Blacyki asserting her innocence:
 
 
 8
 I am writing you this letter because I feel that my sister (Lori Nelson) and I (Shelly Blacyki) have not been treated fairly.
 
 
 9
 ....
 
 
 10
 I am not guilty of these ... charges. The pills that I ordered were for myself and I did not sell them to anyone for making drugs.
 
 
 11
 The only reason that I pleaded guilty was to get my sister out of jail. This was an agreement between my lawyer, Mr. Myers, and myself. It was agreed that if I pleaded guilty they would let my sister out of jail on a P.R. bond.
 
 
 12
 Joint Appendix at 82. The letter was signed by Blacyki and her sister, Lori Nelson.
 
 
 13
 On September 6, 1995, a hearing was held in district court to determine whether Blacyki should be permitted to withdraw her guilty plea. Though Blacyki asserted that she personally ingested the Ephedrine tablets in an attempt to lose weight, the district court denied Blacyki's motion and, on November 8, 1995, sentenced Blacyki to 78 months imprisonment.[2] Blacyki appealed.
 
 II.
 
 14
 On appeal, Blacyki claims that the district court abused its discretion by not setting aside her guilty plea:
 
 
 15
 Appellant feels that the District Court committed error when it did not allow her to withdraw her guilty plea and proceed to trial....
 
 
 16
 Specifically, Appellant feels that she made her request in a timely fashion. She feels that her stated reason for wanting to withdraw the guilty plea was valid and made very early after entry of the guilty plea. She also feels that aside from the one time of admitting guilt in open Court (to a count of the Superseding Indictment which she felt was flawed) that she has persistently and continuously maintained her innocence. She also feels that she is relatively naive to the criminal justice system and is not trying to abuse the system or manipulate it to her advantage in any way.
 
 
 17
 Appellant's Brief at 7. In response, the United States asserts that the district court properly refused to set aside Blacyki's guilty plea:
 
 
 18
 Defendant Blacyki knowingly, intelligently and voluntarily pled guilty to possessing Ephedrine having reason to believe the Ephedrine would be used to manufacture Methcathinone. The U.S. Magistrate Judge's extensive Rule 11 hearing ensured the factual basis for such a guilty plea.
 
 
 19
 Appellee's Brief at 28.
 
 
 20
 "As an initial matter, we note that it is well settled that the movant has the burden of establishing that his presentence motion to withdraw his plea should be granted." United States v. Triplett, 828 F.2d 1195, 1197 (6th Cir.1987) (citations omitted). "The decision of the district court to deny a motion for plea withdrawal should be sustained unless the court has abused its discretion." United States v. Spencer, 836 F.2d 236, 238 (6th Cir.1987) (citation omitted).
 
 
 21
 "If a motion to withdraw a plea of guilty ... is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." Fed.R.Crim.P. 32(e). When determining whether a defendant invoking Rule 32(e) has shown a "fair and just reason," courts generally consider the following factors: (1) the length of time that elapsed between the guilty plea and the motion to withdraw the plea; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted. United States v. Bashara, 27 F.3d 1174, 1181 (6th Cir.1994), cert. denied, 115 S.Ct. 909 (1995).
 
 
 22
 Though Blacyki claims that she changed her plea because her attorney assured her that, by pleading guilty, her sister would be released from jail pending sentencing, the record reveals that the magistrate judge informed Blacyki that her guilty plea would not guarantee her sister's release. Moreover, the record reveals that: Ronald Nelson manufactured Methcathinone using Ephedrine obtained from Blacyki in exchange for money; Blacyki assisted in the manufacture of Methcathinone on at least one occasion; and, Blacyki allowed Ronald Nelson to use her home to manufacture Methcathinone. The record further reveals that the magistrate judge advised Blacyki of her rights, and the consequences of pleading guilty, before accepting her guilty plea. Accordingly, the district court properly determined that there was no "fair and just reason" to set aside Blacyki's guilty plea.
 
 
 23
 We therefore AFFIRM.
 
 
 
 [1]
 Ephedrine is a "listed chemical" pursuant to 21 U.S.C. §§ 802(33) and 802(34)
 
 
 [2]
 Blacyki ordered and received approximately 144,000 Ephedrine tablets from July 1992 through February 1993. Though Blacyki claims that she personally ingested the tablets in an attempt to lose weight, she would have had to ingest more than 500 tablets per day, every day, during this time period to support her claim. Because a toxicologist at Blacyki's sentencing hearing testified that ingesting as few as 84 tablets of Ephedrine per day has been proven to be fatal, the district court properly rejected Blacyki's assertion