See also 2000 WL 33725116.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Melvin BEASLEY, Defendant– Appellant.**

No. 02–5299.

United States Court of Appeals, Sixth Circuit.

Aug. 4, 2003.

Before KEITH, BATCHELDER, and CLAY, Circuit Judges.

KEITH, Circuit Judge.

Defendant–Appellant Melvin Beasley ("Beasley") appeals the denial of his motion to withdraw his plea of guilty to three counts of possession with intent to distribute cocaine and cocaine base. On appeal, Beasley argues that the district court abused its discretion in denying his motion because he demonstrated "fair and just reason" for withdrawing his plea. For the reasons set forth below, we AFFIRM the district court's order.

## I. BACKGROUND

On July 28, 2000, after receiving numerous complaints concerning Beasley's drug related activities, a confidential informant ("CI") went to Beasley's residence in LaGrange, Tennessee, for the purpose of purchasing crack from Beasley. The CI wore a tape recording device during the transaction. After the transaction, the CI advised the special agents that he purchased eleven grams of cocaine base from Beasley, and that Beasley possessed a gallon sized Ziploc bag almost full of powder cocaine, and several ounces of crack cocaine in a tin can. A warrant to search Beasley's residence was issued within seventy-two hours of this transaction. Upon executing the search warrant on July 28, 2000, the Fayette County Sheriffs Department seized several bags of cocaine, a glass bowl that tested positive for cocaine residue, and a microwave with cocaine residue inside.

On August 16, 2000, a federal grand jury returned a three count indictment against Beasley for: 1) unlawfully, knowingly, and intentionally possessing with the intent to distribute fifteen grams of cocaine base; 2) unlawfully, knowingly, and intentionally possessing with the intent to distribute 365 grams of cocaine base; and 3) unlawfully, knowingly, and intentionally possessing with the intent to distribute 225 grams of cocaine, all in violation of 21 U.S.C. § 841(a)(1).

Beasley filed a motion to suppress the evidence found during the search and several statements he made during the state court proceedings. In his suppression motion, Beasley alleged that the search warrant was obtained in violation of Tennessee law, that the taped conversations used to establish probable cause for the warrant were unintelligible, and that he was not given a *Miranda* warning before he made incriminating statements at trial. On March 6, 2001, while his suppression motion was still pending, Beasley pled guilty to all three counts. On April 2, 2001, based upon the magistrate's Report and Recommendation, Judge McCalla denied Beasley's suppression motion on the grounds that there was sufficient evidence to demonstrate probable cause, and because the defendant was not in custody at the time of the state court proceedings.

On May 30, 2003, Judge McCalla granted Beasley's motion to substitute his previous counsel, Irvin Salky ("Salky"), with Robert C. Brooks ("Brooks"). On June 15, 2001, Brooks filed a supplemental motion to suppress evidence, on grounds not raised in the previous suppression motion, challenging the validity of the "no-knock" provision in the search warrant. Based upon the magistrate's Report and Recommendation, Judge McCalla denied Beasley's supplemental suppression motion because suppression rulings could not be challenged after the defendant entered a plea of guilty. The case was reassigned to Judge Gibbons while Judge McCalla was on administrative leave.

On September 25, 2001, Beasley filed a motion to withdraw his guilty plea, alleging that Salky's performance was constitutionally deficient because he failed to challenge the "no-knock" provision in the search warrant. On January 3, 2002,

Judge Gibbons denied this motion, finding that Beasley failed to establish that there was a "fair and just reason" for withdrawing his guilty plea. Subsequently, Beasley filed a motion to reconsider his motion to withdraw his guilty plea. On January 25, 2002, Judge Gibbons denied Beasley's motion to reconsider, finding that Beasley did not present any arguments that were not previously considered by the court. On February 13, 2002, Beasley was sentenced to a prison term of 135 months, to be followed by five years of supervised release.

On appeal, Beasley argues that he established fair and just reason for withdrawing his guilty plea, and that the district court abused its discretion when it denied his motion to withdraw his guilty plea.

## II. DISCUSSION

Beasley challenges the district court's order denying the motion to withdraw his guilty plea. Our Court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Durham*, 178 F.3d 796, 798 (6th Cir.1999); *United States v. Pluta*, 144 F.3d 968, 973 (6th Cir.1998).

Beasley filed a motion to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure Rule 32(e). Rule 32(e) provides that "[I]f a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." FED. R.CRIM. P. 32(e). Rule 32(e) was not intended to allow a defendant to " 'enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.' " *Pluta*, 144 F.3d at 973 (6th Cir.1998) (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir.1991)). "The defendant has the burden of proving 'fair and just reason'

supporting the withdrawal of his or her guilty plea." *Pluta* at 973 (citing *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir.1996)). We consider the following seven factors to determine whether a defendant has demonstrated "fair and just reason" to withdraw his guilty plea: "1) the amount of time that elapsed between the plea and the motion to withdraw it; 2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; 3) whether the defendant has asserted or maintained his innocence; 4) the circumstances underlying the entry of the guilty plea; 5) the defendant's nature and background; 6) the degree to which the defendant has had prior experience with the criminal justice system; and 7) potential prejudice to the government if the motion to withdraw is granted." *Id.* (citing *United States v. Bashara*, 27 F.3d 1174, 1180 (6th Cir.1994)).

█ Judge Gibbons concluded that these factors weighed against granting Beasley's motion to withdraw his guilty plea, and issued an order denying Beasley's motion. Beasley challenges this order, and argues that all of the factors suggest that he should have been permitted to withdraw his plea. Applying these factors to Beasley's case, we conclude that the district court did not abuse its discretion in denying Beasley's motion to withdraw his guilty plea.

The first two factors lend strong support to the district court's ruling because Beasley delayed five months before he filed the motion to withdraw his guilty plea and because Beasley failed to prove the existence of ineffective assistance of counsel as a justification for this delay. This Court has "denied motions to vacate entered after any substantial time has passed after the entry of the plea." *United States v. Alexander*, 948 F.2d 1002, 1003 (6th Cir. 1991). "[A] defendant's reasons for filing

such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time." *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987). This Court has found that a substantial period of time passed where the defendant's motion was filed thirty-five days after his guilty plea was entered. *See United States v. Spencer*, 836 F.2d 236 (6th Cir.1987) (denying motion to vacate guilty plea filed five weeks after the plea was entered); *See also Pluta*, 144 F.3d at 973 (6th Cir.1998) (denying motion to withdraw where plaintiff waited more than four months after his guilty plea was entered to file his motion to withdraw the plea). Other circuits have denied motions to withdraw the guilty plea that were filed only twenty-two days after the defendant's guilty plea was entered. *See United States v. Carr*, 740 F.2d 339 (5th Cir.1984) (denying motion to vacate guilty plea twenty-two days after plea was entered).

Here, measuring from July 30, 2001, the date that Beasley first discussed with Judge McCalla the possibility of filing a motion to withdraw his guilty plea, Beasley waited five months after this conversation to file the motion to withdraw his guilty plea. Beasley argues that this delay was justified because of Salky's alleged deficient performance. This argument fails because Beasley failed to demonstrate that Salky's performance was constitutionally deficient.

Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant must satisfy a two-prong test to prove the existence of ineffective assistance of counsel: 1) the defendant must demonstrate that counsel's performance was deficient; and 2) the defendant must demonstrate that his counsel's performance prejudiced his cause. Here, contrary to Beasley's assertions, Salky's decision not to challenge the "no-knock" provision was a strategic decision, and did not rise to the level of ineffective assistance of counsel. In his affidavit, Salky stated that in his judgment, "attacking the no-knock portion of the search warrant would not be beneficial or prudent." (J.A. at 100.) Moreover, Salky raised three other grounds for challenging the warrant in the original suppression motion. Accordingly, the district court did not abuse its discretion when it concluded that Beasley failed to demonstrate that Salky's performance was constitutionally deficient. Since Beasley's justification for his lengthy delay fails, both of these factors weigh heavily against a finding of "fair and just reason."

Several of the other factors also weigh against granting Beasley's motion. "[T]he absence of a defendant's vigorous and repeated protestations of innocence support the denial of a motion to withdraw his guilty plea." *United States v. Baez*, 87 F.3d 805, 809 (6th Cir.1996) (citing *United States v. Saft*, 558 F.2d 1073, 1082 (2d Cir.1977)). Here, Beasley failed to maintain his innocence, and admitted his guilt at the plea hearing. Accordingly, this factor works against him.

Moreover, there were no unusual circumstances present in this case that would support a finding of "fair and just reason." Beasley has not submitted evidence suggesting that he was coerced to plead guilty, or that he was unable to understand the plea process. Additionally, Beasley failed to demonstrate that Salky's performance was deficient. As a result, this factor weighs against Beasley's motion.

Beasley's background and prior criminal experience also mitigate against the conclusion that "fair and just" reason existed to permit Beasley to withdraw his plea. Although Beasley dropped out of high school in the ninth grade, he has obtained a GED diploma. Beasley has also previ-

ously worked as a plumber's assistant and a house painter, and was self-employed in the business of recycling automobiles and rebuilding transmissions. Additionally, Beasley had appeared before both the state and federal courts several times on various charges. Combined, these factors demonstrate that Beasley was able to understand the nature of his plea, and had a substantial familiarity with the criminal justice system. Accordingly, both of these factors suggest that Beasley's motion was properly denied.

■ Lastly, we reject Beasley's argument that the district court erred because it did not consider whether the government would have been prejudiced if Beasley's motion were granted. The defendant must show sufficient grounds for withdrawing his guilty plea before the court is required to consider whether the government would be prejudiced if the motion to withdraw were granted. *Triplett,* 828 F.2d at 1198. Here, because Beasley failed to demonstrate sufficient grounds for granting his motion to withdraw his plea, the district court was not required to consider whether the government would have been prejudiced if Beasley's motion were granted. As a result, the district court did not err because it did not consider this factor.

Under the circumstances of this case, it is clear that the district court did not abuse its discretion in denying Beasley's motion to withdraw his guilty plea.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order.