**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Noha FOFANA, Defendant–Appellant.**

**No. 01–1314.**

United States Court of Appeals, Sixth Circuit.

Nov. 8, 2002.

Before MARTIN, Chief Circuit Judge, MOORE, Circuit Judge; and WISEMAN, Senior District Judge.*

WISEMAN, Senior District Judge.

Defendant–Appellant Noha Fofana ("Appellant") appeals from the district court's denial of his motion to withdraw his guilty plea. On October 20, 2000, under a Rule 11 plea agreement, the Appellant pled guilty to a violation of 18 U.S.C. § 1425, knowingly procuring naturalization by the making of false statements. On January 18, 2001, under the advice of new counsel, Appellant filed a motion to withdraw his guilty plea, claiming innocence. The district court found that Fofana had not established a "fair and just reason" why the Court should permit him to withdraw his guilty plea after eighty days. Thus the district court denied the motion to withdraw the guilty plea without an evidentiary hearing. For the following reasons, we conclude that the district court did not abuse its discretion in denying Appellant's motion and **AFFIRM** the district court's decision.

## I. Facts

In a prior proceeding, Appellant was convicted on June 1, 2000 for conspiracy to defraud the United States by arranging fraudulent marriages between American women and African men, with the intent to assist the men in securing favorable treatment by immigration authorities.[1]

This proceeding commenced on June 28, 2000, when the Appellant was charged in a single count indictment with unlawfully obtaining his United States citizenship in violation of 18 U.S.C. § 1425. Appellant first appeared for arraignment on August 31, 2000, and he requested appointment of counsel at that time. Attorney Philip Sturtz was appointed to represent Appellant. Trial was scheduled for October 30, 2000. On October 25, 2000, Appellant and Sturtz executed a Rule 11 Plea Agreement, which was filed with the court on October 27, 2000. The plea agreement calculated his sentencing guideline range to be six to twelve months, capped his sentence at the midpoint of the range, and called for the government to recommend that the sentence be served concurrently with the sentence from his earlier conviction. Appellant pled guilty to the single count of the indictment on October 30, 2000. Sentencing was scheduled for January 30, 2001.

On December 26, 2000, N.C. Deday LaRene filed a motion to be substituted as counsel for Appellant. On January 19, 2001, Appellant filed a motion to withdraw his guilty plea. The Government responded on February 13, 2001. On February 16, 2001, the district court issued a memorandum opinion and order denying Appellant's motion. The district court issued an amended memorandum and order on February 20, 2001 with minor corrections.

Appellant was sentenced on February 20, 2001 to nine months in prison to be served concurrently with his previously imposed sentence. Pursuant to 8 U.S.C. § 1451(e), the district court canceled Appellant's Certificate of Naturalization and revoked the final order granting him citizenship. Appellant filed a timely notice of appeal.

---

* The Honorable Thomas A. Wiseman, Jr., Senior Judge, United States District Court for the Middle District of Tennessee, sitting by designation.

1. Appellant has appealed this conviction and sentence and the matter is currently pending before this Court. No. 00–2338.

## II. Jurisdiction

Pursuant to 28 U.S.C. § 1291, the parties agree that this Court may assert subject matter jurisdiction to review the district court's denial of Appellant's motion to withdraw his guilty plea.

## III. Discussion

### A. Standard of Review

This Court reviews a district court's denial of a motion to withdraw a guilty plea under an abuse of discretion standard. *See United States v. Hunt*, 205 F.3d 931, 936 (6th Cir.2000). To find an abuse of discretion, the Court must form "a definite and firm conviction that the trial court committed a clear error of judgment." *United States v. City of Warren*, 138 F.3d 1083, 1085 (6th Cir.1998).

A defendant does not have an absolute right to withdraw a guilty plea. *See United States v. Spencer*, 836 F.2d 236, 238 (6th Cir.1987). Rather, Rule 32(e) of the Federal Rules of Criminal Procedure governs the withdrawal of a guilty plea and provides in pertinent part that if a motion is made before sentencing, "the court may permit the plea to be withdrawn if the Appellant shows any fair and just reason." The purpose of the rule is "to allow a hastily entered plea made with unsure heart and confused mind to be undone." *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir.1991). This Court has noted that the rule was not designed as a tactical tool allowing an appellant "to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Id.* Therefore, the appellant bears the burden of proving the existence of a "fair and just reason" supporting the withdrawal of his or her guilty plea. *See United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir.1996)

### B. Evidentiary Hearing

We first review the district court's decision not to hold an evidentiary hearing on the motion to withdraw the guilty plea. Appellant claims that the district court erred when it denied this motion without an evidentiary hearing because the documents submitted with his motion raised factual issues as to his innocence. At the sentencing, however, the court indicated that it had reviewed the materials filed by Appellant and yet remained unpersuaded that they impacted its decision.

This Court concludes that the district court did not abuse its discretion by not holding an evidentiary hearing. Generally, a defendant is not entitled to an evidentiary hearing simply because he moves to withdraw his guilty plea. Although the district court has the discretion to grant an evidentiary hearing on the motion, "[n]o hearing need be granted when the allegations on a motion to withdraw a guilty plea before sentencing merely contradict the record, are inherently incredible, or are simply conclusory." *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir.1992); *see, e.g., United States v. Fountain*, 777 F.2d 351, 358 (7th Cir.1985).

### C. Motion to Withdraw

To determine whether this appellant has demonstrated a "fair and just reason," this Court has instructed lower courts to consider seven factors: (1) the length of time between the plea and the filing of the motion to withdraw; (2) the presence or absence of a valid reason for failure to raise the issue earlier; (3) whether the appellant has asserted or maintained his innocence; (4) the circumstances underlying the guilty plea; (5) the appellant's nature and background; (6) Appellant's prior experience with the criminal justice system; and (7) the potential prejudice to the government if the motion

to withdraw is granted. *See United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994). This Court has held that the "factors listed are a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir.1996).

The parties agree that the district court adopted the proper standard for consideration of Appellant's motion. On appeal, however, Appellant challenges the court's analysis regarding several of the factors.

### 1. Time Elapsed Between Plea and Motion to Withdraw

Regarding the first factor, the district court held that the delay in seeking to withdraw the plea in this case was significant and weighed against granting Appellant's motion. The time between the guilty plea hearing and the filing of the motion to withdraw the plea was eighty days. Appellant cites no authority in which a court granted a motion to withdraw a guilty plea after a delay of approximately eighty days. The denial of such motions has been upheld where the defendant delayed in moving for withdrawal for 67 days, 55 days, and as little as five weeks. *United States v. Baez*, 87 F.3d 805, 808 (6th Cir.1996)(76 days); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir.1988)(55 days); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987)(35 days). While Appellant concedes that this was not an "unsubstantial period of time," he argues that the court erred when it did not consider the factors that prevented an earlier filing of the motion. Appellant's contention is without merit because the first factor is a straightforward consideration of the length of time before the motion was filed. The district court's analysis of the second factor properly considered Appellant's reasons for failing to file his motion earlier.

### 2. Reason for Delay in the Withdrawal

The second factor, the reason for the delay, is scrutinized more closely when the Appellant waits a significant period of time before moving to withdraw his plea. *See United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir.1987). Appellant asserts in his affidavit that he concluded "a short time after pleading guilty" to withdraw the plea, but he asserts a number of reasons for his delay. J.A. at 39 (Def.'s Statement at ¶ 9). First, he avers that he believed he needed to obtain new counsel in order to withdraw his plea. *See id.* In addition, he was hindered by his family's efforts to obtain new counsel, his incarceration, distance from counsel's out-of-state office, the Christmas holidays, and counsel's efforts to secure his file. *See id.* These same factors were recited to the district court, which considered them, and found them to be insufficient to justify setting aside the guilty plea.

Appellant's assertion that he believed he needed new counsel does not justify his delay. As the Government points out, at his guilty plea hearing, Appellant stated under oath that he was satisfied with his attorney's representation. Further, once he obtained new counsel, he still did not file his motion for withdrawal for approximately three weeks.

The district court properly placed no weight on Appellant's incarceration and counsel's location in its consideration. First, Appellant makes no claim that his access to counsel was limited during his incarceration. In addition, while Appellant is entitled to his counsel of choice, he bears the consequences flowing from that choice. *See Buck v. U.S.D.A.*, 960 F.2d 603, 608 (6th Cir.1992). Furthermore, as this Court has previously noted, when an appellant has had prior dealings with the criminal justice system, the court may infer that the appellant was aware of how to

contact counsel. *See Bashara*, 27 F.3d at 1181.

### 3. Defendant's Assertion of Innocence

With respect to the third factor, Appellant asserts that he is innocent of the offense. This court recognizes that an assertion of innocence militates in favor of granting a motion to withdraw a guilty plea. *Bashara*, 27 F.3d at 1181. Appellant contends that to the extent that his guilty plea refers to the "knowing failure to file income tax returns," he now believes that he did not wrongfully fail to file the returns. J.A. at 39 (Def.'s Statement at ¶ 4). He now contends that he filed at least "some" returns. *See id.* As evidence, he has submitted records from the Internal Revenue Service indicating that he filed returns for 1990 and 1992. *Id.* at 95–105. Yet the appellant fails to account for the remaining seven years charged in the indictment. In addition, Appellant has offered no proof regarding his proclaimed innocence with respect to the other allegation in the indictment, the commission of a crime. Other than Appellant's statements in his affidavit, Appellant has not offered evidence to contradict the statements made at his plea hearing. Finally, Appellant may not assert that the district court's analysis of this factor prejudiced his motion because the court ruled that this factor weighed in favor of granting the motion.

When a movant has "consistently maintained his innocence," this Court will weigh such statements in support of the withdrawal of his guilty plea. *Triplett*, 828 F.2d at 1197. Although Appellant now declares, "I have always denied my guilt of the charges in the other case," he nonetheless knowingly and voluntarily entered a guilty plea in October, 2000. J.A. at 39 (Def.'s Statement at ¶ 6). Thus the weight given his present profession of innocence must be balanced in its historical context.

### 4. Circumstances of the Guilty Plea

As the fourth factor, the court must consider the circumstances surrounding the entry of the guilty plea. Appellant states in his affidavit that he "entered the guilty plea hesitantly, doubtfully, and in haste, and because I felt that the circumstances left me no real choice." J.A. at 38 (Def.'s Statement at ¶ 5). Absent extraordinary circumstances, however, an Appellant is bound by his statements at a guilty plea hearing, and may not later attempt to prove otherwise by affidavit. *See Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). In this case, the record does not bear out Appellant's claim of haste. Appellant and his attorney executed the Rule 11 Plea Agreement on October 25, 2000. It was not until five days later, on October 30, 2000, that Appellant appeared before the court for his guilty plea hearing. Furthermore, the district court transcript demonstrates that the court was careful to ensure that Appellant was proceeding knowingly and voluntarily. The court reviewed Appellant's constitutional rights, questioned him regarding his understanding of the charges in the indictment, and explained the terms of the plea agreement. Appellant repeatedly affirmed that he "fully, thoroughly, and completely" understood the nature of the charges against him, the plea he was entering, and the significance of that plea. J.A. at 114, 124, 133, 138 (Plea Tr. at 9, 19, 28, 33). These statements contradict Appellant's subsequent claims of hesitance or doubt. Furthermore, at the guilty plea hearing, Appellant testified that he had "fully discussed the charges made against [him] in the indictment and fully discussed the entire case with [his attorney] Mr. Sturtz." J.A. at 114 (Plea Tr. at 9). Thus Appellant's consistent representations to the court that his plea was informed and voluntary discount present attempts to characterize it otherwise. Based on the evidence from

the transcript of the guilty plea hearing, this Court finds that the Appellant has not raised any significant questions regarding the voluntariness or validity of his plea.

5. Defendant's Nature, Background, and Prior Experience with the Criminal Justice System

The fifth and sixth factors require the Court to consider Appellant's nature and background, as well as his experience with the criminal justice system. This Court recognizes that certain circumstances of one's background may support a motion to withdraw. *Bashara*, 27 F.3d at 1181. Appellant asserts that he has no formal education, has limited assets, and that he is an immigrant who grew up in a different country with a different culture and a different language. Nevertheless, during prior proceedings, Appellant continually refused to have an interpreter present. J.A. 108, 109, 111 (Plea Tr. 3–7). Although the Appellant makes broad allegations, he offers no specific arguments as to why his nature and background would support a misunderstanding of the consequences of a guilty plea. The Government argued before the district court that Appellant resided in the United States more than ten years and had been a citizen for more than a year. From 1996 to 1999, Appellant owned and operated a small business in Flint, Michigan. The district court concluded that "nothing ... would suggest that Appellant was incapable of making a reflective decision to plead guilty." J.A. at 82.

Appellant also states that prior to his arrest, trial, and conviction in the prior case, he had never had any contact with the criminal justice system. J.A. at 38 (Def.'s Statement at ¶ 5). The district court found that this factor weighed in favor of granting his motion. This lack of exposure does support the Appellant's motion to withdraw his guilty plea.

6. Potential Prejudice to the Government if the Motion to Withdraw is Granted

The district court did not evaluate the seventh factor, potential prejudice to the government, because it concluded that Appellant had not raised significant questions regarding the voluntariness or validity of his plea. Appellant could not have been prejudiced by the court's failure to evaluate this factor because the analysis could only weigh against the granting of Appellant's motion.

In summary, the district court applied the appropriate criteria and undertook a thorough analysis of Appellant's motion. The Court concludes that the district court did not clearly abuse its discretion when it held that the Appellant's assertion of innocence, inexperience with the criminal justice system, and foreign background were inadequate justifications for granting his motion to withdraw his guilty plea. The length of delay between the Appellant's plea and his motion to withdraw the plea, his explanation for the delay, and the circumstances of the plea were such that the district court was within its discretion to deny the Appellant's motion to withdraw his guilty plea.

## IV. CONCLUSION

Based on the foregoing reasons, the Court **AFFIRMS** the decision of the district court, holding that it did not abuse its discretion when it denied Appellant's motion to withdraw his plea.