RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0037p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

No. 07-4108

*v.*

STEPHANIE S. WOODS,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
No. 06-00122—Walter H. Rice, District Judge.

Argued: January 15, 2009

Decided and Filed: February 4, 2009

Before: KENNEDY, COLE, and GILMAN, Circuit Judges.

————————————

**COUNSEL**

————————————

**ARGUED:** Anthony S. VanNoy, WRIGHT & VanNOY, Dayton, Ohio, for Appellant. Brent G. Tabacchi, ASSISTANT UNITED STATES ATTORNEY, Dayton, Ohio, for Appellee. **ON BRIEF:** Anthony S. VanNoy, WRIGHT & VanNOY, Dayton, Ohio, for Appellant. Dwight K. Keller, ASSISTANT UNITED STATES ATTORNEY, Dayton, Ohio, for Appellee.

————————————

**OPINION**

————————————

KENNEDY, Circuit Judge. Stephanie Woods pleaded guilty to conspiracy to commit money laundering[1] arising out of a mortgage fraud scheme and willful failure to file income tax returns.[2] The district court judge sentenced Woods to 30 months'

———————————

[1] Pursuant to 18 U.S.C. § 1956(h) and 18 U.S.C. § 1957.

[2] Pursuant to 26 U.S.C. § 7203.

1

imprisonment on the money laundering count (Count One) and 12 months' imprisonment for the tax counts (Counts Two through Six) to be served concurrently. On appeal, Woods argues that: (1) she was entitled to an evidentiary hearing to determine whether her plea agreement resulted from coercion or undue influence; and (2) her sentence is unreasonable. For the following reasons, we affirm the judgment of the district court.

## BACKGROUND

From 2003 into 2005, Woods engaged in a mortgage fraud scheme, along with other co-conspirators, in which, without the knowledge of the mortgage lender, she provided down payments for persons purchasing homes in the Southern District of Ohio. These monetary transactions involved criminally derived property originating from previous acts of mortgage fraud, money laundering, and making false statements on various HUD-1 settlement statements.[3] In this way, Woods helped people purchase homes who otherwise might not have received a mortgage from a lending institution, and to return the favor, these people provided her with cash and non-cash compensation under the table. Woods used the proceeds of this scheme to purchase two vehicles, a 2004 Infiniti sport utility vehicle and a 2003 Chevrolet pickup truck. The parties stipulated in the plea agreement that the loss to the lending institutions amounted to $399,000.

From 1999 through 2003, Woods failed to file any personal income tax returns with the Internal Revenue Service. In each of those five years, Woods received gross income far in excess of $50,000.

Woods conceded the accuracy of the facts detailed above. She acknowledged that her plea was voluntary. However, on Thursday, August 9, 2007, before her sentencing, set for Monday, August 13, Woods personally attempted to contact the district court judge, via telephone, to discuss her plea. She states that she intended to tell

---

[3]HUD-1 stands for Department of Housing & Urban Development Settlement Statements. A HUD-1 settlement statement is a form that, upon the closing of a mortgage transaction, provides a comprehensive list of incoming and outgoing funds.

the judge that her attorney had coerced her into pleading guilty and that she did not agree with the contents of the plea agreement. Woods was instructed by the judge's secretary to write a letter to the court to that effect, but the court never received any such letter, nor does Woods allege that she sent such a letter.

On the day of sentencing, Woods's attorney reported that Woods wished to withdraw her guilty plea on the money laundering count. The district court judge indicated that he would talk with Woods to determine whether she wanted to withdraw her plea, and that if she did, a motion would need to be filed. A number of conversations then took place off the record. The attorneys at oral argument on appeal stated that the district judge never spoke with Woods, but Woods's attorney did speak further with her, and she indicated her willingness to go forward with sentencing. Her attorney relayed this information to the court. Woods does not allege that her attorney coerced her or lied to the court at that time. No motion to withdraw Woods's plea was ever filed, nor did Woods object to the plea agreement at the sentencing hearing. Woods now appeals the sentence that the district court judge proceeded to impose.

**ANALYSIS**

I.    Withdrawal of Guilty Plea

Rule 11(d) of the Federal Rules of Criminal Procedure allows a defendant to withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Typically, when a defendant wants to withdraw her guilty plea, she files a motion to withdraw, through her attorney, and the district court judge decides whether to conduct an evidentiary hearing to evaluate the merits of the defendant's motion to withdraw. The defendant is not entitled to an evidentiary hearing or the withdrawal of her plea as a matter of right; both are within the wide discretion of the district court, which we review for abuse of discretion. *See*, *e.g.*, *United States v. Triplett*, 828 F.2d 1195, 1197-99 (6th Cir. 1987).

Woods never requested an evidentiary hearing with respect to the withdrawal of her plea. She never wrote a letter to the court as instructed, filed a motion with the court, nor did she object in open court at her sentencing hearing. On the one hand, the record does suggest a breakdown of the attorney-client relationship between Woods and her counsel. Her counsel stated that he would discontinue his representation of Woods following her sentencing. However, the record also discloses that, before the sentencing hearing, the district court judge himself was solicitous of the possibility of an evidentiary hearing if Woods did want to withdraw her plea by stating that he would "go out and talk to her, [and] if she wants to withdraw her plea, then I have to hear from her." He continued to say that "if [Woods] wants to withdraw her plea, all or any part of it, then [her counsel will] need to file a motion, [and] we're going to have to set a hearing." The district court judge apparently did not speak with Woods, but the judge did not proceed until Woods's attorney indicated Woods's willingness to go forward with sentencing. Again, Woods does not allege that she was coerced by her attorney at that time.

Woods never made a clear and unequivocal expression of her desire to withdraw her plea; she merely expressed *ambivalence* with regard to her plea, by, on the one hand, accepting the plea at the initial plea agreement hearing, indicating at sentencing through her attorney that she would proceed with sentencing, and failing to object to her plea agreement at sentencing, and, on the other hand, attempting to contact the court to discuss her plea and indicating uneasiness with her plea agreement on the day of her sentence. Therefore, in not holding an evidentiary hearing with regard to the withdrawal of Woods's plea agreement, the district court did not abuse its discretion.

II.     Sentence Reasonableness

A.      Amount of Loss

The district court enhanced Woods's guidelines calculation by twelve points under U.S.S.G. § 2B1.1 for $399,000 in loss resulting from the mortgage fraud. The parties stipulated to the $399,000 in loss as part of the plea agreement. Therefore, Woods's challenge to the use of that figure to enhance her sentence is unavailing. *See United States v. Newman*, 148 F.3d 871, 876 (7th Cir. 1998). When arguing for the

unreasonableness of the loss amount used in the enhancement, Woods points to discussions the district court had with the attorneys regarding the amount of restitution that the district court might order, not the amount of loss used for the purposes of a sentencing enhancement under U.S.S.G. § 2B1.1. Restitution and amount of loss for the purposes of U.S.S.G. § 2B1.1 are not the same. *See United States v. Flowers*, 55 F.3d 218, 221-22 (6th Cir. 1995). A challenge of the restitution figure here does not constitute a challenge to Woods's sentence because: (1) no restitution was ordered; and (2) the amount of loss used to enhance Woods's sentence can be a different figure. Here, the parties stipulated to $399,000 as the amount of loss and therefore the enhancement was reasonable.

With respect to the tax loss, the district court suggested that it "may amount to a half million dollars or more, not counting penalties and interest." This corresponded with a calculation made by IRS criminal agents, who estimated the tax loss at $458,173.97 and recommended a base offense level of 20 pursuant to U.S.S.G. § 2T4.1. But the amount the district court actually used on sentencing was $150,000, which resulted in a base offense level of 16. Woods's own accountant arrived at this figure, which represented a number a third to a quarter of the amount estimated by the government. The parties agreed to Woods's accountant's figure for the purposes of sentencing. Thus, its use cannot be said to be unreasonable.

B.     Grouping

U.S.S.G. § 3D1.2(c) provides for the grouping of counts "[w]hen one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts." The conduct relating to Count One is completely different from the conduct relating to Counts Two through Six. Underlying Count One is conduct amounting to fraudulent representations with respect to mortgages, after which Woods used the proceeds to purchase vehicles. The conduct underlying Counts Two through Six is the repeated failure to file income tax returns with the IRS. The amount of loss with respect to Count One accounts for losses that lending institutions took on defaults of mortgages that the respective institutions

would not have made but for the down payments provided by Woods. The loss for the purposes of Counts Two through Six measured revenue not received by the IRS that Woods owed for income received over the five-year period. Indeed, to group the counts would be to give in essence the same punishment to a person who committed money laundering through mortgage fraud as a person who committed money laundering through mortgage fraud and in addition did not pay taxes. *See United States v. Martin*, 363 F.3d 25, 42-43 (1st Cir. 2004) (refusing to group tax evasion counts with fraud counts where "the fraud counts reflect Martin's efforts to illegally divert funds through a fraudulent scheme while the tax evasion counts reflect his failure to truthfully report income").

For the foregoing reasons, we affirm the judgment of the district court.