*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 10a0145p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
                              *Plaintiff-Appellee,*

                                                                No. 09-1162

          *v.*

TODD FRANKLIN LEWIS,
                              *Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 08-00184-001—Robert J. Jonker, District Judge.

Argued: April 22, 2010

Decided and Filed: May 19, 2010

Before: KENNEDY and COLE, Circuit Judges; JORDAN, District Judge.[*]

_____

**COUNSEL**

**ARGUED:** Jodi M. Latuszek, SPEAKER LAW FIRM, Lansing, Michigan, for Appellant. Russell A. Kavalhuna, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Michael J. Nichols, THE NICHOLS LAW FIRM, PLLC, East Lansing, Michigan, for Appellant. Nils R. Kessler, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

_____

**OPINION**

_____

KENNEDY, Circuit Judge. Defendant-Appellant Todd Franklin Lewis pleaded guilty to transporting a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(1). At sentencing, Lewis unsuccessfully challenged

_____

[*] The Honorable Robert Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

the two-level guideline sentence enhancement the court imposed for his use of a computer in commission of the crime of conviction. Lewis now appeals the ruling of the court as to this enhancement, and he also challenges the court's denial of his motion for a second continuance in order to file an unrelated motion to suppress evidence seized during a search of his home computer. Lewis also argues that he received ineffective assistance of counsel in violation of the Sixth Amendment, due both to his trial attorney's failure to timely raise a motion to suppress and his negotiation of a plea agreement with the government that prohibited Lewis from raising substantive appeals. For the reasons that follow, we DISMISS Lewis's ineffective assistance claims and AFFIRM the judgments of the district court.

## FACTUAL/PROCEDURAL BACKGROUND

On April 13, 2007, United States Secret Service Special Agent Eric Adams logged on to the Yahoo! Internet chat room "Fetishes." Using the undercover name "miamimisswith2," Agent Adams posed as a 35-year-old adult female with two young daughters ages 9 and 12. Another user with the screenname "sigmadogman" then initiated a conversation via instant messaging with Agent Adams. "Sigmadogman" indicated that he was a 42-year-old man from Michigan and used graphic language to indicate his interest in engaging in sexual acts with Agent Adams' fictional daughters. During this chat, "sigmadogman" also sent at least twenty different images to "miamimisswith2" that depicted various sexual acts. Agent Adams later sent these images to the National Center for Missing and Exploited Children, who determined that at least six of the images qualified as child pornography involving female minors ages 8 and 12.

On April 23, 2007, Agent Adams had another undercover conversation with "sigmadogman" about the prospect of him traveling to Miami to have sexual intercourse with the two fictional daughters of "miamimisswith2." In this conversation, "sigmadogman" indicated that he was willing to travel in May 2007 and would pay $1300 to be able to have sexual intercourse for an entire week with both daughters and with "miamimisswith2" herself.

Meanwhile, Agent Adams obtained a subpoena of Yahoo! Legal Compliance in order to procure customer and registration information for the user name "sigmadogman." On May 1, 2007, Yahoo! Legal Compliance responded to the subpoena and indicated that the user name was registered to Defendant-Appellant Todd Lewis in Kalkaska, Michigan, and remained active. Yahoo! also provided the IP addresses that were used by "sigmadogman" on the days in question. Agent Adams then located and subpoenaed the Internet provider of these IP addresses, who eventually revealed that the addresses in question had been assigned to Todd Lewis on the days in which "sigmadogman" had "chatted" with Agent Adams.

This investigation took Agent Adams until the end of June 2007 to complete. A Secret Service agent in Grand Rapids, Michigan eventually filed an application for a search warrant of Lewis's home. But the application was not filed until December 10, 2007, almost eight months after Agent Adams's conversations with Lewis. The application was submitted to a magistrate along with a supporting affidavit that contained a detailed account of the conversations in question, the images Agent Adams received from Lewis, and the results of Agent Adams's investigation into the registration data for "sigmadogman." The affidavit also contained information about the affiant's experience with persons who possess and distribute child pornography, including his belief that such persons "rarely, if ever, dispose of their sexually explicit materials."

The search warrant was authorized on the same day it was filed, and officers executed the warrant on December 11, 2007. Lewis was present during the search and was properly read his *Miranda* rights. Lewis waived his rights, however, and told officers that he possessed a large quantity of child pornography on his computer and had in fact chatted with "miamimisswith2" about traveling to Florida and paying for sexual intercourse with her and her children. Lewis's computer was seized, and a subsequent forensic examination of it revealed that it stored at least fifteen images of child pornography.

On August 7, 2008, a grand jury in the Western District of Michigan returned an indictment against Lewis, charging him with transporting and shipping child

pornography in violation of 18 U.S.C. § 2252(a)(1), and possession of material containing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and 2256(8). Shortly thereafter, the district court appointed Lewis defense counsel and set a trial date. On September 12, 2008, defense counsel moved for an ends-of-justice continuance on the grounds that he needed more time to investigate possible suppression motions. The court quickly granted that motion and set September 29, 2008, as the deadline for filing any pretrial motions. On October 1, 2008, defense counsel filed a second motion for an ends-of-justice continuance, or in the alternative, an extension of time until October 3, 2008, to file a motion to suppress. In the motion for a time extension, defense counsel indicated that he had identified and was working on a potentially dispositive motion to suppress and that he was waiting for a return phone call from a potential government witness who likely had information relevant to the motion. Counsel also indicated that he would be able to file his motion to suppress by no later than October 3, 2008.

On October 6, 2008, before the court had ruled on the motion for a second continuance, defense counsel filed his motion to suppress. In this motion, which was filed seven days after the court's original deadline, counsel argued that the only relevant information in the search warrant linking Lewis to criminal activity was stale, and that the good faith exception pursuant to *United States v. Leon*, 468 U.S. 897 (1984), did not apply. In response, the government moved to strike the motion as untimely.

On October 9, 2008, the district court held a hearing to resolve all of the pending motions. At the hearing, the court asked the parties for argument on the merits of the suppression motion itself as well as on the continuance motion. Without discussing the merits of the suppression motion, defense counsel argued that he had needed additional time to file the motion because he had to learn the technical complexities of how IP addresses are assigned. The government meanwhile argued that it was not a technologically challenging case, that there was more than enough information in the warrant application to support a finding of probable cause, and that the court should strike the motion to suppress. After hearing the arguments, the court denied the motion

for the second ends-of-justice continuance.  Finding that the motion to suppress was consequently untimely filed, the court denied the motion as waived under Rule 12 of the Federal Rules of Criminal Procedure.  The court added, however, that "even if this had been timely filed, I think on the merits that it would be a stretch, to say the least, that the defense would be entitled to any relief on it.  In fact, . . . the Court would not be inclined to grant it and probably wouldn't even grant an evidentiary hearing without more."  The court specifically addressed the merits of the suppression motion, noting that there was more than enough evidence of criminal activity connected to Lewis to support a finding that there was a reasonable probability that evidence of a crime would be found in a search of Lewis's home.  On October 10, 2008, the day after the hearing, the district court also issued an order denying the motion for a continuance for lack of good cause and denied the motion to suppress as untimely "and alternatively for lack of merit as detailed at the hearing."

On October 15, 2008, pursuant to a written plea agreement with the government, Lewis pleaded guilty to one count of transporting and shipping child pornography.  In the agreement, Lewis waived his right "to pursue any affirmative defense, Fourth or Fifth Amendment claims, and other pretrial motions that could have been filed or could be filed."  In exchange for these concessions, the government agreed to dismiss the child pornography possession count of the indictment, and it agreed not to oppose Lewis's request for a sentence reduction for acceptance of responsibility.

During the sentencing phase of Lewis's case, defense counsel objected to a proposed two-level enhancement to Lewis's offense level, based on United States Sentencing Guidelines ("U.S.S.G.") § 2G2.2(b)(6), for his use of a computer to transmit child pornography.  Counsel argued that imposition of the enhancement would constitute impermissible double-counting because the use of a computer was a substantive element of the crime of conviction itself.  The district court disagreed and opted to impose the two-level enhancement. The court adopted all of the recommendations and calculations provided in the Presentence Investigation Report ("PSR") filed by the United States Probation Office and sentenced Lewis to 151 months in prison, the bottom of the

sentencing guidelines range when the U.S.S.G. § 2G2.2(b)(6) enhancement was incorporated.

This appeal followed.

## ANALYSIS

### I. Ineffective Assistance Claims

Lewis first argues that his trial attorney provided ineffective assistance in violation of the Sixth Amendment. Lewis relies on two different alleged errors committed by his lawyer to support his ineffectiveness claim: 1) defense counsel's failure to file a potentially dispositive motion to suppress in a timely manner; and 2) counsel's advice to Lewis to sign a plea agreement that waived Lewis's right to appeal his Fourth Amendment claims. Lewis argues that these errors amounted to deficient representation that prejudiced him, thereby meeting the two-prong test for proving ineffective assistance set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

This Court generally does not assess the merits of an ineffective-assistance-of-counsel claim on direct appeal. *See, e.g.*, *United States v. Sanders*, 404 F.3d 980, 986 (6th Cir. 2005). However, we have previously reached such claims on direct appeal notwithstanding the aforementioned general rule if and when the record adequately presents the issue. *See United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990). In the instant case, there is sufficient factual development in the record regarding counsel's failure to file a timely suppression motion. In his motion for a second continuance and at the October 9, 2008 hearing, counsel provided his reasons for failing to file the suppression motion timely. Further, the district court clearly indicated how it would have ruled on the suppression motion had it been timely filed. Thus, we question the usefulness of holding an evidentiary hearing regarding counsel's conduct as to this issue and the potential prejudice it may have caused.

Lewis, however, has not presented this alleged error as a distinct ineffectiveness claim. Instead, he has indicated that his ineffective assistance claim is dependent on the combination of this error and his attorney's other alleged error—namely, negotiating a

plea agreement that waived Lewis's right to pursue his Fourth Amendment claims on appeal. With respect to the *Strickland* deficiency prong, Lewis states in his brief to this Court: "In this instance trial counsel committed two errors, which, *taken together*, resulted in a denial of effective assistance of counsel" (emphasis added). Later, when discussing the prejudice prong of his claim, Lewis explicitly states that his ability to satisfy the *Strickland* standard depends directly on the *combination* of the failure to file the motion on time *and* the subsequent plea agreement negotiation. In other words, according to Lewis, the two errors allegedly committed by his attorney must be analyzed together in order to assess the merit of his ineffectiveness claim.

Unlike the continuance motion, the facts surrounding the plea agreement and defense counsel's role in Lewis's acceptance of it are not sufficiently developed in the record to enable us to properly review it now. The record does not indicate what strategy, if any, counsel was pursuing when he advised Lewis to plead guilty and to waive his right to raise substantive appeals. We know nothing about the plea negotiations except the final result. The record does not show whether other deals were offered, how hard defense counsel pushed for a better deal, or why the actual agreement was the best deal counsel thought he could arrange for Lewis. These are all exactly the kinds of factual determinations that must be made in the district court before this ineffective assistance claim can be reviewed properly by this Court. Because Lewis has intertwined this issue and these unresolved factual determinations with counsel's alleged error in failing to file a timely suppression motion, we decline to review the entirety of Lewis's ineffective-assistance-of-counsel claim at this time.

## II. Denial of Continuance

Lewis also appeals the district court's denial of his motion for a second ends-of-justice continuance. We review the denial of such a motion for abuse of discretion, *United States v. Howard*, 218 F.3d 556, 563 (6th Cir. 2000), and we note that district courts have wide discretion on matters such as when to grant or deny continuances, *Morris v. Slappy*, 461 U.S. 1, 11 (1983). The Supreme Court has held that the denial of a continuance in this context is an abuse of discretion only when the district court

engages in "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *United States v. Vasquez*, 560 F.3d 461, 466 (6th Cir. 2009) (quoting *Morris*, 461 U.S. at 11-12) (internal quotation marks omitted). In order for the error to be reversible, the defendant must also show that the denial of the continuance actually prejudiced his or her defense. *Burton v. Renico*, 391 F.3d 764, 772 (6th Cir. 2004) (citing *Powell v. Collins*, 332 F.3d 376, 396 (6th Cir. 2003)); *see also United States v. Monger*, 879 F.2d 218, 221 (6th Cir. 1989). "'Actual prejudice' is established 'by showing that a continuance would have . . . added something to the defense.'" *United States v. Crossley*, 224 F.3d 847, 855 (6th Cir. 2000) (quoting *United States v. King*, 127 F.3d 483, 487 (6th Cir. 1997)).

In this case, the "something" that would have been added by the continuance was the motion to suppress that was otherwise untimely. But this motion to suppress would only have "added something" if it would have been successful. We hold, however, that Lewis's motion to suppress did not have any merit and would not have been successful. In that motion, Lewis argues that the relevant portions of the warrant application and underlying affidavit relied exclusively on stale information that did not support probable cause. According to Lewis's suppression motion, the affidavit (minus its boilerplate language) simply states that Lewis sent an image of child pornography to an undercover agent from his home computer on April 13, 2007, which was more than seven months before the December 10, 2007 warrant application was submitted. Because there is no other evidence of continuous involvement with child pornography, the motion argues, there is no basis for probable cause that there would still have been evidence of that crime in Lewis's possession, or more specifically, on Lewis's computer.

We disagree. Although a warrant application must allege "facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time," *Sgro v. United States*, 287 U.S. 206, 210 (1932), "[t]he expiration of probable cause is determined by the circumstances of each case and depends on the inherent nature of the crime," *United States v. Paull*, 551 F.3d 516, 522 (6th Cir. 2009) (quoting *United States v. Hython*, 443 F.3d 480, 485 (6th Cir. 2006)); *see also United States v.*

*Frechette*, 583 F.3d 374, 378 (6th Cir. 2009). This Court has held on multiple occasions that the "same time limitations that have been applied to more fleeting crimes do not control the staleness inquiry for child pornography." *Paull*, 551 F.3d at 522; *see also Frechette*, 583 F.3d at 378. We have also noted in a previous child pornography case that "[i]mages typically persist in some form on a computer hard drive even after the images have been deleted and . . . can often be recovered by forensic examiners." *United States v. Terry*, 522 F.3d 645, 650 n.2 (6th Cir. 2008). In fact, the relevant warrant application in *Terry* was based primarily on pornographic images linked to the defendant that were more than five months old, yet we found that the delay did not change "the probable cause calculus much, if at all." *Id.* at 650; *see also United States v. Lapsins*, 570 F.3d 758, 767 (6th Cir. 2009) (finding probable cause despite nine-month lapse between police obtainment of illicit images linked to defendant and filing of warrant application). And, as previously noted by this Court, the relaxed approach toward temporal constraints in child pornography cases also "comports with the practice of other circuits." *Paull*, 551 F.3d at 522 (citing *United States v. Lacy*, 119 F.3d 742, 746 (9th Cir. 1997) (finding probable cause to search apartment over ten months after depictions of child pornography were last linked to defendant)).

Based on this precedent, we hold that the affidavit in the instant case supported a finding of probable cause. Although the images that Lewis sent to Agent Adams were more than seven months old at the time of the warrant application, this time gap fits within the range supported by our precedent and that of our sister circuits. As noted above, such images are not usually deleted by those who possess them, and they likely remain on the possessor's computer indefinitely anyway. Moreover, there was nothing to suggest that Lewis's case was any different from the run-of-the-mill case in this context. Because the warrant application was supported by probable cause, Lewis's motion to suppress the evidence seized pursuant to the authorized search is without merit. Lewis consequently cannot show that he was prejudiced by the district's decision not to grant him a continuance so that he could file his suppression motion. Accordingly, we affirm the district court's denial of Lewis's motion for a second ends of justice continuance.

**III.  Challenge to Sentence Enhancement for Use of a Computer**

Finally, Lewis argues that the district court committed reversible error by applying a two-level sentence enhancement under U.S.S.G. § 2G2.2(b)(6) for his use of a computer to transmit the illicit images.  Lewis claims that this enhancement amounts to impermissible double-counting in his case because use of a computer is already an inherent element of the crime of conviction itself.  We disagree.

Lewis pleaded guilty to violating 18 U.S.C. § 2252(a)(1), which states the following:

> (a) Any person who--
>> (1) knowingly transports or ships using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce *by any means including by computer or mails*, any visual depiction, if--
>>> (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
>>> (B) such visual depiction is of such conduct;
> . . .
> shall be punished as provided in subsection (b) of this section.

18 U.S.C. § 2252(a) (emphasis added).  The sentencing guidelines, meanwhile, provide a two-point enhancement to a defendant's total offense level "[i]f the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material." U.S.S.G. § 2G2.2(b)(6).  Lewis points to the phrase "including by computer" in the text of 18 U.S.C. § 2252(a) and argues that use of a computer, at least in his case, was an element of the offense that the government had to prove.  Therefore, he argues, it amounted to double-counting when the sentencing judge also gave Lewis a two-level enhancement under § 2G2.2(b)(6) for the same computer use.

Lewis mischaracterizes the elements of a § 2252(a) offense.  The fact that the statute articulates computer use as *one* means of transporting the proscribed depictions does not mean that use of a computer is a required element of the crime.  Lewis did not

need to use a computer in order to violate the criminal statute in question. According to the statutory language, Lewis would have violated § 2252(a) had he transported the depiction "by any means" affecting interstate commerce. Admittedly, Lewis's use of a computer did serve to satisfy the jurisdictional element of § 2252(a) in this case. But because Lewis could have violated the statute without using a computer, we cannot say that computer use is an element of the crime. The fact that he did use a computer, then, may serve as an offense characteristic affecting the determination of his sentence, *see* U.S.S.G. § 1B1.3(a)(1) (including as relevant conduct all of defendant's acts that "occurred during the commission of the offense of conviction"), and which may result in an additional sentence enhancement.

This position is bolstered by the fact that the U.S.S.G. § 2G2.2(b)(6) enhancement for using a computer aims at punishing a distinct harm beyond the mere transmission of child pornography. Specifically, "[d]istributing child pornography through computers is particularly harmful because it can reach an almost limitless audience. Because of its wide dissemination and instantaneous transmission, computer-assisted trafficking is also more difficult for law enforcement officials to investigate and prosecute." *United States v. Lebovitz*, 401 F.3d 1263, 1271 (11th Cir. 2005) (quoting H.R. Rep. No. 104-90, at 3-4 (1995), as *reprinted in* 1995 U.S.C.C.A.N. 759, 760-61). As such, we cannot accept Lewis's position that enhancing his sentence for his use of a computer is double-counting when the enhancement is designed to address a distinct harm.

This interpretation of § 2252(a) and U.S.S.G. § 2G2.2(b)(6) comports with the approach applied by the Seventh Circuit, the only other circuit that has directly addressed this issue. *See United States v. Tenuto*, 593 F.3d 695, 698-99 (7th Cir. 2010). The approach we now adopt has also been implicitly approved by other circuits in related contexts. *See, e.g.*, *Lebovitz*, 401 F.3d at 1270-1271 (noting that sentencing enhancements in child pornography context for use of computer targets a separate harm than the underlying crime itself); *United States v. Goldberg*, 295 F.3d 1133, 1136 n.1

(10th Cir. 2002) (same); *United States v. Woodward*, 277 F.3d 87, 90 n.1 (1st Cir. 2002) (same); *United States v. Demerritt*, 196 F.3d 138, 140 (2d Cir. 1999) (same).

## CONCLUSION

For the foregoing reasons, we DISMISS Defendant-Appellant Todd Franklin Lewis's ineffective-assistance-of-counsel claims, and we AFFIRM the judgment of the district court challenged by Lewis in this appeal.