NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0412n.06

No. 24-5066

**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

**FILED**
Oct 21, 2024
KELLY L. STEPHENS, Clerk

|                                       |   |                                                            |
|---------------------------------------|---|------------------------------------------------------------|
| UNITED STATES OF AMERICA,             | ) |                                                            |
|                                       | ) |                                                            |
| Plaintiff-Appellee,                   | ) | ON APPEAL FROM THE                                         |
|                                       | ) | UNITED STATES DISTRICT                                     |
| v.                                    | ) | COURT FOR THE EASTERN                                      |
|                                       | ) | DISTRICT OF KENTUCKY                                       |
| ROBERT THURMAN ADAMS,                 | ) |                                                            |
|                                       | ) | OPINION                                                    |
| Defendant-Appellant.                  | ) |                                                            |
|                                       | ) |                                                            |
|                                       | ) |                                                            |

Before: COLE, MATHIS, and BLOOMEKATZ, Circuit Judges.

BLOOMEKATZ, Circuit Judge. State police uncovered thousands of child pornography files while executing a search warrant at Robert Adams's apartment. Adams argues that the search warrant was invalid because it was based on stale information and because it relied on the results of a fellow officer's investigation without independent verification. The district court rejected these arguments and denied Adams's motion to suppress the evidence from the search. We affirm.

**Factual Background**

Sergeant Adam Daniels of the Ashland Police Department saw a Kentucky IP address appear on a police database tracking online child sexual abuse material ("CSAM"). On December 8, 2020, Sergeant Daniels learned that the IP address belonged to Robert Adams. Three months later, the same database indicated more CSAM activity by Adams. Overall, it connected Adams's IP address to at least 444 "files of interest," 238 of which were "severe files." Plea Agreement, R. 23, PageID 86; Warrant and Aff., R. 18-1, PageID 67. Ashland police officers surveilled Adams's

residence and spoke with his apartment manager. They learned that Adams was the sole tenant at his apartment and there were no open WiFi networks in the area.

Sergeant Daniels shared this information with Detective David Boarman of the Kentucky State Police. Relying on Sergeant Daniels's investigations, Detective Boarman applied for and received a search warrant for Adams's apartment. He executed the warrant two days later, on April 9, 2020. A forensic examination of the devices gathered during the search revealed thousands of CSAM images. Adams has since admitted to knowingly possessing "more than 600 visual depictions" of minor children, including toddlers, "engaged in sexually explicit conduct." Plea Agreement, R. 23, PageID 87.

A federal grand jury indicted Adams for knowing possession of child pornography. *See* 18 U.S.C. § 2252(a)(4)(B). He moved to suppress the evidence that was gathered from his apartment. Following the court's denial of that motion, Adams entered into a conditional plea agreement, reserving his right to appeal the denial of his motion to suppress. The district court sentenced Adams to 97 months' imprisonment and 10 years of supervised release. He now appeals the district court's suppression decision.

## ANALYSIS

On appeal from the denial of a motion to suppress, we review the district court's factual findings for clear error and legal conclusions de novo. *United States v. Trice*, 966 F.3d 506, 512 (6th Cir. 2020). Adams challenges the district court's denial of his suppression motion on two grounds. *First*, he argues that the information provided in Detective Boarman's search warrant affidavit was stale. *Second*, he asserts that Detective Boarman had to independently corroborate Sergeant Daniels's investigations before seeking the warrant. Both arguments are unavailing.

I.       **Staleness**

Approximately four months transpired between the date that Sergeant Daniels first discovered Adams's criminal activity (December 8, 2020), and the execution of the search warrant (April 9, 2021). Adams argues that this four-month lapse meant that the information Detective Boarman provided in the warrant affidavit was stale, invalidating the resulting search warrant.

Stale information cannot support probable cause for a search warrant. *United States v. Frechette*, 583 F.3d 374, 377 (6th Cir. 2009). We consider information stale when, because of the passage of time, it no longer suggests a fair probability that evidence of crime will be found at the search location. *United States v. Abboud*, 438 F.3d 554, 572 (6th Cir. 2006). There is no mechanical calculation for determining whether information is stale. Rather, staleness depends on the "circumstances of each case" and the "nature of the crime" at issue. *United States v. Paull*, 551 F.3d 516, 522 (6th Cir. 2009) (quoting *United States v. Hython*, 443 F.3d 480, 485 (6th Cir. 2006)). To help us evaluate whether information in a warrant affidavit is stale, we consider four factors: (1) the character of the crime; (2) the extent of the defendant's movement from place to place; (3) the life span of the evidence to be seized; and (4) the location to be searched. *Frechette*, 583 F.3d at 378. Adams concedes the first and third factors and does not address the other two. Considering all four factors, the challenged four-month-old information was not stale.

*Character of the crime.* The risk that information will go stale is higher for isolated or short-lived crimes, and lower for recurring or continuous ones. *Id.* Consider a one-time theft offense. If the police wait months before conducting a search, it is less likely that the stolen goods will still be at the same location. Compare that with an ongoing drug trafficking scheme. Because that crime is continuous, the police are more likely to find incriminating evidence at a given location even if some months have passed. We have explained that possession of child

pornography "is generally carried out" continuously "over a long period," so the "time limitations that have been applied to more fleeting crimes do not control the staleness inquiry for child pornography." *Paull*, 551 F.3d at 522. Here, police investigations revealed that Adams's conduct occurred not on one discrete occasion, but multiple times from at least December 2020 to March 2021. Given Adams's recurring criminal activity, this factor weighs against staleness. *Abboud*, 438 F.3d at 573.

*Defendant's movement from place to place.* If a defendant moves "from place to place," there is a lower "probability of finding evidence at a given location." *Id.* Adams, however, was not transient. All the criminal activity in this case occurred at one address—Adams's home. This too weighs against staleness.

*Life span of evidence.* The "life span" of the evidence sought in the search warrant—CSAM computer files—also undermines Adams's claim of staleness. *Frechette*, 583 F.3d at 379. Adams concedes that "evidence of child pornography can last for long periods of time." Reply Br. at 9. Unlike narcotics, CSAMs are not gone after the first use. Digital CSAM in particular "can be easily duplicated and kept indefinitely," *Frechette*, 583 F.3d at 379, and can be recovered from a device by law enforcement forensics even after it has been deleted, *United States v. Elbe*, 774 F.3d 885, 891 (6th Cir. 2014). Given the nature of the evidence at issue, this factor also comes out against staleness.

*Place to be searched.* We have upheld probable cause determinations where the location to be searched is a "secure operational base," rather than a "mere criminal forum of convenience." *Abboud*, 438 F.3d at 573. Possession of child pornography typically occurs in the privacy of the home, so our cases often consider a defendant's residence an operational base. *See Paull*, 551 F.3d

at 522; *Frechette*, 583 F.3d at 379. The same is true here. Adams lived alone, and his home was where he was most likely to engage in his criminal conduct. This factor counts against staleness.

All of these factors point in the same direction: The information Detective Boarman relied upon from December 2020 was not stale four months later when he requested a warrant to search Adams's home.

The district court's conclusion is further supported by our precedents. In child pornography cases, we have found probable cause following time lapses greater than the four-month period Adams challenges here. *E.g.*, *Frechette*, 583 F.3d at 378–79 (16 months); *Paull*, 551 F.3d at 522 (13 months); *United States v. Lapsins*, 570 F.3d 758, 767 (6th Cir. 2009) (almost 9 months); *United States v. Lewis*, 605 F.3d 395, 402 (6th Cir. 2010) (more than 7 months); *Elbe*, 774 F.3d at 890 (7 months); *United States v. Terry*, 522 F.3d 645, 650 n.2 (6th Cir. 2008) (5 months). Adams presents no argument that would distinguish his case from these precedents. We therefore hold that the warrant for the search of Adams's home was not based on stale information.

## II.     Independent Corroboration

Adams also asserts that the warrant was invalid because Detective Boarman did not independently corroborate the information he received from Sergeant Daniels and relied upon in his affidavit. Adams arguably has forfeited this issue by raising it "in a perfunctory manner" without any "effort at developed argumentation." *Cockrun v. Berrien County*, 101 F.4th 416, 419 (6th Cir. 2024) (citation omitted). In any event, an affidavit in support of a warrant does not have to be based on the "direct knowledge and observations" of the affiant officer. *United States v. Kinison*, 710 F.3d 678, 682 (6th Cir. 2013) (citation omitted). Officers can "rely on information supplied by other officers or agencies," so long as they describe that information accurately in their affidavits. *United States v. Ranke*, 480 F. App'x 798, 803 (6th Cir. 2012); *see also Peffer v.*

*Stephens*, 880 F.3d 256, 267 n.7 (6th Cir. 2018). Adams does not argue that Detective Boarman's affidavit contained any inaccurate or incomplete information. Therefore, this challenge to the search warrant fails too.

## CONCLUSION

We affirm the district court's order denying Adams's motion to suppress.