RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 26a0115p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CHRISTEN L. CLARK,

*Defendant-Appellant.*

No. 24-4068

─────────────

Appeal from the United States District Court for the Northern District of Ohio at Akron.
No. 5:23-cr-00354-1—Patricia A. Gaughan, District Judge.

Argued: October 22, 2025

Decided and Filed: April 16, 2026

Before: STRANCH, BUSH, and DAVIS, Circuit Judges.

─────────────

**COUNSEL**

─────────────

**ARGUED:** Wendy R. Calaway, LAW OFFICE OF WENDY R. CALAWAY, CO., L.P.A., Cincinnati, Ohio, for Appellant. Brenna L. Fasko, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee. **ON BRIEF:** Wendy R. Calaway, LAW OFFICE OF WENDY R. CALAWAY, CO., L.P.A., Cincinnati, Ohio, for Appellant. Laura McMullen Ford, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

─────────────

**OPINION**

─────────────

JANE B. STRANCH, Circuit Judge. Christen Clark was charged with six counts related to drug trafficking cocaine, fentanyl, and methamphetamine and also firearm possession. He pled guilty to all six counts while represented by Owen Kalis, who withdrew from the practice of

law eleven days later due to pending disciplinary action. *See In re Resignation of Kalis*, 236 N.E.3d 263, 264 (Ohio 2024); Ohio S. Ct. R. Gov. Bar VI, § 11(A)–(C). Clark subsequently moved to withdraw his guilty plea, arguing that his plea was not knowing, voluntary, and intelligent due to ineffective assistance of counsel. The district court held that there was not a "fair and just" reason for withdrawal under Federal Rule of Criminal Procedure 11(d)(2)(B) and that the court's plea colloquy rendered the plea sufficient under the Due Process Clause. Clark timely appealed. For the reasons set forth below, we **VACATE** the district court's denial of Clark's motion to withdraw his guilty plea and **REMAND** the case for the district court to hold an evidentiary hearing on Clark's claims.

## I. BACKGROUND

### A. Factual Background

Investigators searched Clark's residence pursuant to a federal search warrant issued after he sold controlled substances several times to a confidential informant. The search recovered cocaine, fentanyl, methamphetamine, firearms, and a very large amount of cash. Clark was indicted in the U.S. District Court for the Northern District of Ohio and charged with conspiracy to possess with intent to distribute cocaine, methamphetamine, and fentanyl (Count 1); possession with intent to distribute cocaine, fentanyl, and methamphetamine (Counts 2–4); possessing a firearm and ammunition as a felon (Count 5); and possession of a firearm in furtherance of a drug tracking offense (Count 6).

In this case, Clark had four different attorneys in the span of a year. On July 6, 2023, the district court appointed Clark's first counsel, Kevin Spellacy, but about five days later, Clark retained James Hardiman. On September 7, after the district court granted Hardiman's motion to withdraw, Clark retained his third attorney, Owen D. Kalis. During Kalis's eight months of representation, he filed multiple substantive motions, including: two motions to continue trial; a motion for production of Giglio/Brady materials; and a motion to suppress. On May 2, 2024, while represented by Kalis, Clark pled guilty to all six counts in the indictment. Eleven days later, on May 13, Kalis filed a notice of withdrawal of counsel stating that he had resigned from the practice of law. This notice was accompanied by an order from the Supreme Court of Ohio

accepting Kalis's resignation with "disciplinary action pending." R. 39, Notice of Withdrawal, PageID 184.

Clark was without representation for about a month and a half until June 25, when the court appointed attorney James J. McDonnell as his counsel. Although not placed on the docket, Clark sent a letter to the district court on July 5, "requesting a withdrawal of the plea on the basis that he never saw the evidence, his attorney did not explain the consequences of his plea, and attorney Kalis never informed him that he was facing disciplinary issues." R. 48, Memorandum Op. & Order, PageID 249 n.1. On July 29, McDonnell filed a motion to withdraw Clark's guilty plea stating in the caption "Oral Hearing Requested." The district court denied the motion without a hearing and sentenced Clark to a total of 270 months in prison. Clark timely appealed the district court's denial of his motion to withdraw his guilty plea.

The following chart summarizes Clark's legal representation during the proceedings below.

**2023**

| | |
|---|---|
| July 6 | The court appointed attorney Kevin M. Spellacy |
| July 11 | Clark retains attorney James L. Hardiman |
| September 7 | Clark retains attorney Owen D. Kalis |
| September 11 | Hardiman withdraws as Clark's attorney |

**2024**

| | |
|---|---|
| May 2 | Clark pleads guilty while represented by Kalis |
| May 13 | Kalis withdraws as counsel because he resigned from the practice of law due to a state disciplinary case |
| June 25 | The court appointed attorney James J. McDonnell |
| July 29 | McDonnell files a motion to withdraw Clark's guilty plea |

## II.  ANALYSIS

Clark challenges the district court's failure to hold a hearing on his motion to withdraw his guilty plea.  He also submits that his conviction and sentence must be overturned because (1) the court erred in denying his motion to withdraw his guilty plea; (2) his plea was not made knowingly, voluntarily, and intelligently; and (3) he did not have effective assistance of counsel.

We begin with the evidentiary hearing issue.  Rule 11(d) of the Federal Rules of Criminal Procedure allows a defendant to withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal."  After a defendant files a motion to withdraw through his attorney, "the district court judge decides whether to conduct an evidentiary hearing to evaluate the merits of the defendant's motion."  *United States v. Woods*, 554 F.3d 611, 613 (6th Cir. 2009).

"[A] defendant may be entitled to an evidentiary hearing on a presentence motion to withdraw if there are factual matters at issue which bear directly on the controversy."  *United States v. Triplett*, 828 F.2d 1195, 1198 (6th Cir. 1987).  But "[t]he defendant is not entitled to an evidentiary hearing or the withdrawal of her plea as a matter of right; both are within the wide discretion of the district court, which we review for abuse of discretion."  *Woods*, 554 F.3d at 613 (citing *Triplett*, 828 F.2d at 1197–99).

Our analysis in *Triplett* and *Woods* is instructive here.  *Triplett* held that the defendant was not entitled to a hearing on his motion to withdraw because he did not proffer factual issues warranting relief, he did not request a hearing, and the knowing and voluntariness of his plea was adequately established by the plea colloquy transcript and plea negotiation documents.  828 F.2d at 1198–99.  A hearing was also found not to be warranted in *Woods* because the defendant "never made a clear and unequivocal expression of her desire to withdraw her plea."  554 F.3d at 614.  Although the record suggested "a breakdown of the attorney-client relationship between Woods and her counsel," the district court judge "was solicitous of the possibility of an evidentiary hearing," noting that one would be required if Woods sought to withdraw her plea.  *Id*. at 613–14.  But Woods never filed a motion to withdraw, did not object to the plea agreement at the sentencing hearing, and never requested a hearing.  *Id*.

In this case, Clark disputes whether his plea was knowing and voluntary as a result of Kalis's ineffective assistance. He points to his plea hearing. At the beginning of the hearing, the court stated "[t]his was set for a change of plea hearing at 9:30. It is – I am not certain of the exact time, but it is past 9:45 at this point. And it is apparent to this Court that Mr. Clark is not prepared to enter a change of plea." R. 47, Plea Hearing Tr., PageID 224. The court began informing Clark of the sentencing exposure he faced if he went to trial when Kalis interrupted, stating "I think he is about to make a decision. Do you want to initial each page, gone [sic] over it, and then sign on the 14th page?" R. 47, PageID 231. The court inquired, "Sir, it is my understanding that you do wish to enter a plea of guilty to the six-count indictment. Is that correct?" R.47, PageID 231. Clark responded affirmatively, and the court began the plea colloquy. The Plea Agreement was signed during this hearing, but one page of the Agreement was left uninitialed by Clark.

After Kalis resigned and McDonnell was appointed, Clark filed a letter with the district court asserting that he never saw the evidence in his case, and that Kalis did not explain to him the consequences of the plea or that Kalis was facing disciplinary proceedings before the Ohio Supreme Court. McDonnell (Clark's last attorney before the district court) filed a motion for discovery, stating that the materials sought had been previously requested but never produced. McDonnell also filed the motion to withdraw the guilty plea, which requested a hearing and reiterated Clark's issues with Kalis.

The district court issued its decision without holding a hearing. It concluded that "[t]he following facts as presented in the government's brief have not been refuted," and then recited the Government's account of the discovery it claimed to have provided Clark's various attorneys. R. 48, PageID 246. With respect to Kalis, the opinion adopted the Government's averments that it provided a duplicate copy of all discovery and the proposed Plea Agreement to Kalis; Kalis represented that he reviewed the Agreement with Clark; and Clark wanted to view the Government's video evidence before signing the Agreement. The court explained that the Government rejected Clark's request, instead provided Kalis with photos of Clark weighing drugs in his own home, and "understood from subsequent conversations with Kalis that the

defendant saw the images and they were part of the reason defendant decided to plead guilty." R. 48, PageID 246–47.

This case differs from *Triplett* and *Woods* in two respects. First, Clark raises factual disputes bearing directly on the knowing and voluntary nature of his plea that are not clearly dispelled by the record. In *Triplett*, although the defendant alleged that he misunderstood his plea, it was clear from the record that his attorney discussed the plea agreement with him, and that the district court ensured he thoroughly understood his rights. 828 F.2d at 1197. By contrast, here it is not clear from the record that Clark had an opportunity to review the Plea Agreement before the hearing, and the district court stated at the start of the hearing that it was apparent Clark was not prepared. Clark's failure to initial one page of the Agreement provides some support for his contention that the decision—and the procedures surrounding it—were rushed and uninformed. Finally, the fact that Kalis's resignation was due to a pending disciplinary action related to his problems with representation of other clients lends some credence to Clark's assertion of ineffective assistance of counsel.

As evident from the district court's opinion, the factual disputes Clark raises essentially rely on the Government's assertions regarding statements allegedly made by a now-absent attorney, which assertions contradict Clark's account. And these disputes bear on the validity of Clark's guilty plea because they concern whether he had full knowledge of the plea and the evidence in his case, and whether he had proper assistance from counsel.

Second, unlike the defendants in *Woods* and *Triplett*, Clark requested a hearing. In *Woods*, the district court made "solicitous" offers to hold a hearing if Woods wished to withdraw her plea, but the defendant "merely expressed *ambivalence* with regard to her plea." 554 F.3d at 613–14. In the end, Woods accepted the plea, indicated a willingness to go forward with sentencing, and never filed a motion to withdraw or wrote a letter to the same effect. *Id.* The record here—Clark's letter, the motion for discovery, and the motion to withdraw—all repeatedly raise concerns about Kalis's representation and Clark's understanding of his case and Plea Agreement. And during the time period critical to his case, Clark was sporadically represented by four different attorneys in less than one year. The unresolved factual disputes in the record, coupled with Clark's multiple attorneys for short periods of representation

interspersed with no representation at all, and his representation by an attorney who was undergoing disciplinary proceedings related to his legal practice, "bear directly" on whether the court should have granted Clark's motion to withdraw. *See Triplett*, 828 F.2d at 1198.

Finally, recall that Clark is appealing the district court's denial of his motion to withdraw his plea and also asserting constitutional claims, arguing that his plea was not valid under the Due Process Clause and that he was denied effective assistance of counsel. While the denial of Clark's motion to withdraw his plea and the plea's validity can be raised on direct review, an ineffective assistance claim must generally be raised in a collateral proceeding under 28 U.S.C. § 2255. *See United States v. Small*, 988 F.3d 241, 256 (6th Cir. 2021). This is because the record on direct appeal is typically insufficient to evaluate the merits of an IAC claim. *Id.* Nevertheless, in some instances, we will consider such claim on direct review if the district court record is fully developed. *United States v. Lewis*, 605 F.3d 395, 400 (6th Cir. 2010). But joining Clark's two direct appeal challenges regarding his plea with his IAC claim was not a viable option because his IAC challenges focus on Kalis's failure to inform him of key evidence, and Clark was denied an evidentiary hearing to develop those allegations. *See Small*, 988 F.3d at 256. Thus, Clark was faced with an impossible choice: he could attempt to assert his IAC claim on an undeveloped record, which would likely preclude later collateral review, or pursue his directly appealable claims without the IAC claim, which would undercut the key element supporting their merit. Given these unusual circumstances, not holding an evidentiary hearing constituted an abuse of discretion.

Accordingly, we vacate the order denying Clark's motion to withdraw his plea and return the case to the district court to hold an evidentiary hearing on Clark's claims. We do not address the merits of Clark's motion to withdraw his plea and leave the resolution of his motion to the district court following the evidentiary hearing.

## III. CONCLUSION

For the foregoing reasons, we **VACATE** the district court's denial of Clark's motion to withdraw his guilty plea and **REMAND** the case for the district court to hold an evidentiary hearing on Clark's claims.